1 | BUCHALTER
A Professional Corporation
2 | MICHAEL L. MEEKS (SBN: 172000)
FARAH P. BHATTI (SBN: 218633)
3 | CHRISTINA L. TRINH (SBN: 307879)
18400 Von Karman Avenue, Suite 800
4 | Irvine, CA 92612-0514
Telephone: 949.760.1121
5 | Fax: 949.720.0182
Email: mmeeks@buchalter.com; fbhatti@buchalter.com;
6 | ctrinh@buchalter.com

7 | Attorneys for Plaintiff
THE VINEYARD HOUSE, LLC

8

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

11 | **OAKLAND**

12 | THE VINEYARD HOUSE, LLC,

13 |         Plaintiff,

14 |         vs.

15 | CONSTELLATION BRANDS U.S.
OPERATIONS, INC.,

16 |         Defendant.

Case No. 4:19-cv-1424-YGR

**PLAINTIFF THE VINEYARD HOUSE, LLC'S OPPOSITION TO DEFENDANT CONSTELLATION BRANDS U.S. OPERATIONS, INC.'S MOTION TO DISMISS**

Hearing: June 18, 2019
Time: 2:00 pm
Ctrm: 1, 4th Floor
Judge: Hon. Yvonne Gonzalez Rogers

28 | BN 36439385v3

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................... 1

II.   LEGAL STANDARD ........................................................................................ 1

    A.    Federal Rule of Civil Procedure 12(b)(1) ............................................. 1

    B.    Federal Rule of Civil Procedure 12(b)(6) ............................................. 2

III.  STATEMENT OF THE ISSUES TO BE DECIDED [L.R. 7-4(A)(3)] ............. 3

IV.   ARGUMENT ..................................................................................................... 3

    A.    TVH Sufficiently Alleges Facts Stating Claims for False Advertising and
         Unfair Business Practices Against Constellation ................................... 3

         1.    Defendant Is Not Alleging Preemption .................................... 3

         2.    TVH Has Sufficiently Pled False Advertising and Unfair Business
             Practices Under State and Federal Law ................................... 5

    B.    TVH Sufficiently Alleges Facts Stating a Claim for Declaratory Relief ............... 7

         1.    An Actual Controversy Exists ................................................. 7

         2.    The Court Should Exercise its Jurisdiction Over TVH's Declaratory
             Relief Claim ............................................................................. 9

    C.    TVH Sufficiently Alleges Facts Stating A Claim for Cancellation of
         Defendant's Trademarks ..................................................................... 10

    D.    If Any Portion of the Complaint Is Deemed Deficient, Leave to Amend
         Should Be Freely Granted ................................................................... 13

V.    CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*AirHawk Int'l, LLC v. TheRealCraigJ, LLC,*
   No. 16-00624-JVS (KESx), 2016 WL 9584008, at *5 (C.D. Cal. Aug. 1, 2016).................. 5, 7

*Airs Aromatics LLC v. Opinion Victoria's Secrets Stores Brand Mgmt., Inc.,*
   744 F.3d 595, 599 (9th Cir. 2014) .................................................................................. 10

*Basel Action Network v. Int'l Ass'n of Elecs. Recyclers,*
   793 F. Supp. 2d 1200, 1206 (W.D. Wash. 2011) ........................................................ 6, 11, 12

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 570 (2007) ................................................................................................. 3

*Brillhart v. Excess Ins. Co.,*
   316 U.S. 491 (1942) ......................................................................................................... 9

*Chesebrough–Pond's v. Faberge,*
   666 F.2d 393, 396 (9th Cir. 1982) .................................................................................... 7

*Cleary v. News Corp.,*
   30 F.3d 1255, 1263 (9th Cir. 1994) ................................................................................ 4, 5

*Coheso, Inc. v. Can't Live Without It, LLC,*
   No. 17-CV-03381-LHK, 2017 WL 10434396, at *4 (N.D. Cal. Dec. 18, 2017) .......... 7, 8, 9, 12

*Conley v. Gibson,*
   355 U.S. 41, 45-46, 78 S. Ct. 99 (1957) ............................................................................ 2

*First Mercury Ins. Co. v. Great Divide Ins. Co.,*
   203 F. Supp. 3d 1043, 1050 (N.D. Cal. 2016) ................................................................... 9

*FN Cellars, LLC v. Union Wine Co.,*
   2015 WL 5138173, at *2 (N.D. Cal. Sept. 1, 2015)........................................................... 12

*Galligan v. Jamco Dev. Corp.,*
   108 F.3d 246, 249 (9th Cir. 1997) .................................................................................... 2

*Grogan v. Health Officer of County of Riverside,*
   221 F.3d 1348, 1348 (9th Cir. 2000) ............................................................................... 13

*Hansen Beverage Co. v. Cytosport, Inc.,*
   No. 09-0031-VBA-AGRx, 2009 WL 882414, at *2 (C.D. Cal. Mar. 23, 2009) ............... 9

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
   519 F.3d 1025, 1031 (9th Cir. 2008) ................................................................................ 2

*May Dept. Store v. Graphic Process Co.,*
   637 F.2d 1211, 1216 (9th Cir. 1980) ................................................................................ 2

*Miller v. Rykoff-Sexton, Inc.,*
   845 F.2d 209, 214 (9th Cir. 1988) ................................................................................... 13

*Monster Cable Prod., Inc. v. Euroflex S.R.L.,*
   642 F. Supp. 2d 1001, 1011 (N.D. Cal. 2009) ................................................................. 8

*Morton & Bassett, LLC v. Organic Spices, Inc.,*
   No. 15-CV-01849-HSG, 2017 WL 1425908, at *9-10 (N.D. Cal. Apr. 21, 2017)............... 4

*N. Star Int'l v. Ariz. Corp. Comm'n,*
   720 F.2d 578, 581 (9th Cir. 1983) .................................................................................... 2

*Neilmed Prod., Inc. v. Med-Sys., Inc.*,
   472 F. Supp. 2d 1178, 1180 (N.D. Cal. 2007) ............................................................... 7

*Pillsbury, Madison & Sutro v. Lerner*,
   31 F.3d 924, 928 (9th Cir. 1994) .................................................................................... 2

*Principal Life Ins. Co. v. Robinson*,
   394 F.3d 665, 672 (9th Cir. 2005) .................................................................................. 9

*Rhoades v. Avon Prod., Inc.*,
   504 F.3d 1151, 1157–58 (9th Cir. 2007); *Coheso*, 2017 WL 10434396 at *5 ............... 8, 12

*Rice v. Fox Broad. Co.*,
   330 F.3d 1170, 1180 (9th Cir. 2003) .............................................................................. 5

*S.E.C. v. Indigenous Glob. Dev. Corp.*,
   No. 06-5600 JCS, 2007 WL 988188, at *4 (N.D. Cal. Apr. 2, 2007) .............................. 2

*Scheuer v. Rhodes*,
   415 U.S. 232, 236, 94 S. Ct. 1683 (1974) ...................................................................... 2

*Southland Sod Farms v. Stover Seed Co.*,
   108 F.3d 1134, 1139 (9th Cir. 1997) .............................................................................. 5

*Tuxton China, Inc. v. Oneida Grp., Inc.*,
   No. 17-02996-SVW-E, 2017 WL 5989040, at *3 (C.D. Cal. Sept. 12, 2017) ................. 8

*United States v. City of Redwood City*,
   640 F.2d 963, 966 (9th Cir. 1981) .................................................................................. 2

**Statutes**

15 U.S.C. § 1115(b)(2) .......................................................................................................... 4

15 U.S.C. § 1119 ................................................................................................................... 10

15 U.S.C. § 1125(a) ......................................................................................................... 5, 10

California Business and Professions Code § 17200 ........................................................... 4, 5

Fed. R. Civ. P. 12(b)(1) .................................................................................................... 2, 9

**Other Authorities**

J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition § 22:2 (4th ed.) (updated
   March 2017) ................................................................................................................... 4

Lanham Act § 43(a) .............................................................................................................. 6

Plaintiff The Vineyard House, LLC ("TVH") respectfully submits this memorandum in opposition to Defendant Constellation Brand U.S. Operations, Inc.'s ("Constellation") Motion to Dismiss (the "Motion," Dkt. 14).

## I.     INTRODUCTION

This Court should deny Defendant's Motion, which is based on three demonstrably false premises.  **First**, Defendant incorrectly asserts that TVH's false advertising and unfair business practice claims are preempted by the Lanham Act. Instead, the **Lanham Act expressly provides that an incontestable mark is subject to challenges based on false advertising**.  **Second**, Defendant argues that there is no live controversy as to TVH's declaratory judgment claim, when in fact an actual controversy arises from TVH's reasonable apprehension of an infringement suit and the existence of multiple Trademark Trial And Appeals Board ("TTAB") oppositions filed by Defendant using the To Kalon mark to challenge TVH's applications.  **Third**, Defendant falsely alleges that the Court lacks authority to cancel Defendant's trademarks, when in fact both the Constitution and Lanham Act confer standing on TVH to seek cancellation of Defendant's trademark registrations.

Further, Defendant fails to adequately challenge the sufficiency of TVH's pleading.  Defendant's Motion is suspiciously devoid of averments that TVH failed to plead facts establishing the elements of its claims.  Indeed, Defendant seemingly asserts that TVH's allegations are insufficient or incorrect without meaningfully addressing the elements of any causes of action asserted by TVH.  Thus, Defendant fails to establish any legal basis for dismissal of TVH's Complaint.  The Court should deny Defendant's Motion in its entirety.

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) authorizes a defendant to seek dismissal based on lack of

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  When the challenge to jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is based solely upon the sufficiency of the complaint, the Court must accept the allegations in the complaint as true and must construe them favorably to the pleader.  *Scheuer v. Rhodes*, 415 U.S. 232, 236, 94 S. Ct. 1683 (1974).  "However, dismissal for lack of subject matter jurisdiction is rare and should only be granted where 'the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous.'"  *S.E.C. v. Indigenous Glob. Dev. Corp.*, No. 06-5600 JCS, 2007 WL 988188, at \*4 (N.D. Cal. Apr. 2, 2007) (quoting *Bell v.* Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773 (1946)).  Further, an action should not be dismissed for lack of jurisdiction "unless it is clear the deficiency cannot be overcome by amendment."  *May Dept. Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980).

## B.     Federal Rule of Civil Procedure 12(b)(6)

"The purpose of a motion to dismiss under rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  However, motions to dismiss for failure to state a claim are disfavored, *see Galligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997), and are proper only in "extraordinary" cases.  *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).  On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957); *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994).  Facial plausibility is

all that is required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (the complaint must allege "enough facts to state a claim to relief that is plausible on its face").

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556.

## III.   STATEMENT OF THE ISSUES TO BE DECIDED [L.R. 7-4(A)(3)]

The following issues are raised by this Opposition:

1.   Whether TVH has pled facts sufficient to demonstrate a plausible claim for false advertising against Constellation.

2.   Whether TVH has pled facts sufficient to demonstrate a plausible claim for declaratory relief in the form of a judicial declaration of its rights to use the term TO KALON.

3.   Whether TVH has pled facts sufficient to demonstrate a plausible claim for cancellation of Constellation's trademarks.

## IV.   ARGUMENT

### A.   TVH Sufficiently Alleges Facts Stating Claims for False Advertising and Unfair Business Practices Against Constellation

#### 1.   Defendant Is Not Alleging Preemption

Defendant asserts that TVH's false advertising and unfair business practice claims are preempted by the Lanham Act. *See* Mot. 9. However, Defendant's arguments do not support preemption, but rather the mistaken notion that incontestability is an absolute defense to TVH's claims. *See id* ("Constellation's long-standing and incontestable registrations give it the absolute right to do exactly that which Plaintiff now claims is false or misleading.") (emphasis omitted).

First, notably absent from Defendant's Motion is any reference to a conflict between the California unfair business practices statutes and the Lanham Act. *See* Mot. 9-10. Such a conflict is required for preemption to apply. *Morton & Bassett,*

*LLC v. Organic Spices, Inc.*, No. 15-CV-01849-HSG, 2017 WL 1425908, at *9-10 (N.D. Cal. Apr. 21, 2017) ("the Ninth Circuit has held that, since the Lanham Act does not expressly preempt state law, and does not occupy the field of trademark protection, a state law can be preempted by the Lanham Act only if it conflicts with the Lanham Act."). In fact, the Ninth Circuit has held that federal and state trademark and unfair competition laws are congruent and can coexist. *Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act."); *see also* J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition § 22:2 (4th ed.) (updated March 2017) ("In general, federal and state trademark and unfair competition law can coexist and cooperate without conflict."). Thus, Defendant's preemption argument fails.

Second, incontestability is not a defense to a false advertising or unfair business practices claim. Section 33 of the Lanham Act expressly provides that an incontestable mark shall be conclusive evidence of the registrant's right to use the mark, except when "the registered mark is being used...so as to misrepresent the source of the goods or services on or in connection with which the mark is used." 15 U.S.C. § 1115(b)(2). TVH's claims fall squarely within this exception. TVH alleges that "Constellation's advertising and promotional materials, including its website, create the false and misleading impression that it is the only owner of the historic To Kalon estate and that all of its wines can be designated to Kalon, even though such wines may not have originated from the original To Kalon estate." Complaint, ¶ 50; *see also* Section IV.A.2, below.[1] Accordingly, Defendant's

---

[1] Additionally, to the extent that Defendant argues it has an absolute right to use its registered marks, an incontestable mark may be challenged based on fraudulent procurement. 15 U.S.C. § 1115(b)(1) (an incontestable mark is subject to the defense that "the registration or the incontestable right to use the mark was obtained fraudulently."); *see* Complaint, ¶¶ 66-68.

1  "incontestable" marks are properly challenged by TVH under Section 33.

2  **2.      TVH Has Sufficiently Pled False Advertising and Unfair**

3  **Business Practices Under State and Federal Law**

4  Defendant's challenge to the sufficiency of TVH's false advertising and

5  unfair business practices claims also fail.  California unfair competition and false

6  advertising claims are "substantially congruent" to claims made under the Lanham

7  Act. *Cleary*, 30 F.3d at 1262-63.  Thus, if a plaintiff adequately pleads false

8  advertising under the Lanham Act, the plaintiff has also adequately pled violation

9  of state unfair business practice laws. *See e.g.*, *AirHawk Int'l, LLC v.*

10  *TheRealCraigJ, LLC*, No. 16-00624-JVS (KESx), 2016 WL 9584008, at *5 (C.D.

11  Cal. Aug. 1, 2016) ("Here, AirHawk has adequate alleged false advertising in

12  violation of the Lanham Act.  Accordingly, for the same reasons discussed *supra,*

13  AirHawk has also adequately alleged violation of the UCL."); *see also Rice v. Fox*

14  *Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003) (plaintiff's "unfair competition

15  claims under § 17200 is dependent on his false advertising claim and the two claims

16  rise and fall together").

17  To state a claim for false advertising under 15 U.S.C. § 1125(a), the plaintiff

18  must allege: "(1) a false statement of fact by the defendant in a commercial

19  advertisement about its own product or another's product; (2) the statement actually

20  deceived or has the tendency to deceive a substantial segment of its audience; (3)

21  the deception is material, in that it is likely to influence the purchasing decision; (4)

22  the defendant caused its false statement to enter interstate commerce; and (5) the

23  plaintiff has been or is likely to be injured as a result of the false statement."

24  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

25  Here, TVH has adequately pled false advertising in violation of the Lanham

26  Act.  TVH alleges that: "Constellation refers to its entire property as TO KALON

27  or TO KALON VINEYARD, even though less than half is part of the original To

28

1  Kalon estate" (Complaint, ¶ 44); "Constellation uses the TO KALON and TO

2  KALON VINEYARD trademarks on wine that is made from all areas of the

3  property, and not just from the historic To Kalon estate" (*id.*, ¶ 45); and

4  Constellation "deceptively use[s] its TO KALON trademark in a manner that is

5  confusing to consumers and deceives them into purchasing wine that may or may

6  not originate from the original To Kalon estate." *Id.*, ¶ 2.  Thus, "Constellation's

7  advertising and promotional materials, including its website, create the false and

8  misleading impression that it is the only owner of the historic To Kalon estate and

9  that all of its wines can be designated to Kalon, even though such wines may not

10  have originated from the original To Kalon estate," and TVH and others also own

11  land which was part of the historical To Kalon estate, causing harm to TVH. *Id.*, ¶¶

12  50, 55-59, 71-78.

13      Defendant only challenges that "Plaintiff has not alleged that Constellation

14  has done anything 'false or misleading' other than to use its registered [] trademarks

15  in commerce," and that "[u]sing a trademark in the way expressly authorized by the

16  Lanham Act, however, *cannot* be 'false or misleading.'" Mot. 10:9-12 (emphasis in

17  original).  However, a Lanham Act false advertising claim does not require proof

18  that the challenged advertisement is literally false, only that it is misleading.

19  *Southland*, 108 F.3d at 1140 ("Even if an advertisement is not literally false, relief

20  is available under Lanham Act § 43(a) if it can be shown that the advertisement has

21  misled, confused, or deceived the consuming public"); *see e.g., Basel Action*

22  *Network v. Int'l Ass'n of Elecs. Recyclers*, 793 F. Supp. 2d 1200, 1206 (W.D. Wash.

23  2011) (finding defendant's advertisement misleading when defendant registered the

24  term "Certified Electronics Recycler" and claimed to be the only certified

25  electronics recyclers when others were similarly certified).  Further, Defendant does

26  not deny that TVH has alleged that Defendant made false and misleading

27  statements, but rather simply disagrees with the falsity of its statements.

28  Accordingly, Defendant's sufficiency challenge fails.

Because TVH adequately pleads false advertising under the Lanham Act, TVH also adequately pleads false advertising and unfair business practices under California law. *See AirHawk*, 2016 WL 9584008 at *5.

**B.     TVH Sufficiently Alleges Facts Stating a Claim for Declaratory Relief**

**1.     An Actual Controversy Exists**

Defendant inaccurately expands the actual controversy requirements of Article III to advance the argument that TVH cannot sustain a claim for declaratory relief.[2]  Mot. 11-12.  The Ninth Circuit holds that "trademark disputes have sufficiently ripened into an actual controversy under the [Declaratory Relief Act] when 'the plaintiff has a real and reasonable apprehension that he will be subject [to suit].'"  *Neilmed Prod., Inc. v. Med-Sys., Inc.*, 472 F. Supp. 2d 1178, 1180 (N.D. Cal. 2007) (quoting *Chesebrough–Pond's v. Faberge*, 666 F.2d 393, 396 (9th Cir.1982)).  "In determining 'if the threat perceived by the plaintiff is real and reasonable,' the court focuses 'upon the position and perceptions of the plaintiff' and '[t]he acts of the defendant [are] ... examined in view of their likely impact on competition and the risks imposed upon the plaintiff.'"  *Id*.  No other facts are necessary.[3]

Here, TVH has alleged facts demonstrating a reasonable apprehension that it will be subject to an infringement action if TVH uses the TO KALON mark. Indeed, TVH asserts that "Defendant has sent Plaintiff cease and desist letters regarding Plaintiff's trademark applications for marks containing the TO KALON

---

[2] Indeed, Defendant imports the actual controversy requirements for declaratory judgment *of trademark noninfringement* (*see* Mot. 11:17-18), which is not the declaratory relief sought by TVH.  *See* Complaint, ¶ 63.

[3] The Ninth Circuit does not impose the additional requirement, as Defendant suggests, that a plaintiff allege it is engaged in conduct that would constitute "infringing activity" when not seeking declaratory judgment of noninfringement. *See Neilmed*, 472 F. Supp. 2d at 1180; *accord. Coheso, Inc. v. Can't Live Without It, LLC*, No. 17-CV-03381-LHK, 2017 WL 10434396, at *4 (N.D. Cal. Dec. 18, 2017) (quoting *Chesebrough*, 666 F.2d at 396); *cf. Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008) (relied upon by Defendant).

term and Defendant has demanded that Plaintiff withdraw its pending applications

and not use or dilute Defendant's 'famous' mark." Complaint, ¶ 61.[4] Moreover,

Defendant has filed numerous oppositions in the TTAB to block TVH's registration

of marks that allegedly infringe the To Kalon mark, including Defendant claiming

that any reference to the historic figure H.W. Crabb—the original owner of the To

Kalon vineyard—causes confusion to consumers who believe that To Kalon is

intertwined with the historic figure H.W. Crabb and the historic geographic

vineyard designation To Kalon, which H.W. Crabb created and made famous. *See*

Notice of Opposition, TTAB Proceeding No. 91245800, ¶¶ 10, 34.[5]

Courts in this jurisdiction have found a real and reasonable apprehension in

similar situations. *Monster Cable Prod., Inc. v. Euroflex S.R.L.*, 642 F. Supp. 2d

1001, 1011 (N.D. Cal. 2009) ("In addition to the five TTAB oppositions, however,

the defendant had repeatedly claimed that the plaintiff had engaged in infringing

activity."); *Tuxton China, Inc. v. Oneida Grp., Inc.*, No. 17-02996-SVW-E, 2017

WL 5989040, at *3 (C.D. Cal. Sept. 12, 2017) ("Defendant Oneida sent a letter to

Plaintiff Tuxton alleging potential violations of the Lanham Act.  The Declaratory

Judgment Act is used to resolve disputes of this kind.").

Courts have found reasonable apprehension even when infringement is not

directly threatened. *See Neilmed*, 472 F. Supp. 2d at 1181 (finding defendants'

filing of an opposition before the PTO created a real and reasonable apprehension

of suit).  Further, "concrete threats" are not required. *See Rhoades v. Avon Prod.,*

*Inc.*, 504 F.3d 1151, 1157–58 (9th Cir. 2007); *Coheso*, 2017 WL 10434396 at *5

(the Letter 'did not need to contain an express threat that defendant would sue, or

any other formulaic words, to create an actual controversy, because [t]he fact that

[Defendant] has not yet acted upon its veiled threat does not erase the threat's

---

[4] Because TTAB oppositions only deal with registration—not use—of a mark, Defendant's threats to challenge use of the marks constitutes a threat of litigation.
[5] TVH requests the Court take judicial notice of the TTAB filings. *See* Request for Judicial Notice filed concurrently.

1  effect' on Plaintiff.").

2       TVH's Complaint meets this standard; the basic concern that "plaintiff will

3  be forced to choose between foregoing participation in the market with its marks, or

4  risking substantial future damages," is present here.  *Hansen Beverage Co. v.*

5  *Cytosport, Inc.*, No. 09-0031-VBA-AGRx, 2009 WL 882414, at \*2 (C.D. Cal. Mar.

6  23, 2009).  Accordingly, TVH sufficiently alleges an actual controversy for

7  purposes of Rule 12(b)(1).

8       **2.**     **The Court Should Exercise its Jurisdiction Over TVH's**

9                  **Declaratory Relief Claim**

10       Once an actual controversy is established, the Court must decide whether to

11  dismiss or stay an action for declaratory relief by analyzing the factors set forth in

12  *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), and its progeny.  *Coheso*, 2017

13  WL 10434396 at \*7.  Under *Brillhart*, a district court "should avoid needless

14  determination of state law issues," "discourage litigants from filing declaratory

15  actions as a means of forum shopping," and "avoid duplicative litigation."

16  *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005).  The district

17  court should also consider: "whether the declaratory action will settle all aspects of

18  the controversy; whether the declaratory action will serve a useful purpose in

19  clarifying the legal relations at issue; whether the declaratory action is being sought

20  merely for the purposes of procedural fencing or to obtain a res judicata advantage;

21  whether the use of a declaratory action will result in entanglement between the

22  federal and state court systems; the convenience of the parties; and the availability

23  of and relative convenience of other remedies."  *First Mercury Ins. Co. v. Great*

24  *Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1050 (N.D. Cal. 2016).

25       In *Coheso, supra*, this Court weighed these factors and held that they

26  supported the exercise of jurisdiction.  *Id.* at \*8.  The same reasoning applies here.

27  Like *Coheso*, these factors support the exercise of jurisdiction over TVH's

28  declaratory relief claim because "there is no indication that Plaintiff is forum

shopping, because Plaintiff is based in the Northern District of California," and "this suit is not duplicative of other suits." *Id*. Further, "[t]his suit centers on the validity of Defendant's [trademark] registration, which means this suit can settle all aspects of the controversy and clarify the legal relations between Plaintiff and Defendant." *Id*. "There is no indication that Plaintiff is attempting to obtain some procedural res judicata advantage through this suit because the suit was filed in response to Defendant's Letter." *Id*. "The suit is also at least somewhat convenient for the parties in that Plaintiff[6] is based in the Northern District of California." *Id*. "Finally, determining the validity or invalidity of Defendant's trademark registration through this suit is relatively convenient because it may remove any need to litigate the infringement issue." *Id*. Accordingly, the Court should exercise jurisdiction over TVH's declaratory relief claim.

## C.     TVH Sufficiently Alleges Facts Stating A Claim for Cancellation of Defendant's Trademarks

Defendant argues that the Court does not have statutory authority to consider cancellation of Defendant's trademarks. Mot. 13. Defendants are incorrect for at least two reasons. First, Section 37 of the Lanham Act authorizes the Court to order cancelation of registrations "in any action involving a registered mark." 15 U.S.C. § 1119. Second, although Section 37 does not indicate that cancellation is available as an independent cause of action, cancellation may be sought "if there is already an ongoing action that involves a registered mark." *Airs Aromatics LLC v. Opinion Victoria's Secrets Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014). Accordingly, cancelation is properly sought as a remedy here. TVH has asserted at least two independent causes of action arising under the Lanham Act involving Defendant's registered TO KALON trademarks.

First, TVH has alleged false advertising and false designation of origin in violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a); Complaint, ¶ ¶

---

[6] Indeed, both TVH and Defendant are based in this district.

55-59. In similar actions, courts have found false advertising claims are a valid

independent cause of action for which cancellation is a remedy. In *Basel*, *supra*,

the defendants registered the term "Certified Electronics Recycler." 793 F. Supp.

2d at 1201. The plaintiff alleged that defendants' advertisements using the

registered mark misleads customers into believing defendants are the only source

for certified electronics recycling, even though others are similarly certified. *Id*. at

1206. The court observed that "[i]t is plausible that Defendants intend to convey

that the fact they hold a PTO registration is significant in a way that matters to

consumers," including that the public will perceive their use of the term as

"somehow 'official' or government-sanctioned," or "as a reason to prefer their

certification standard over [plaintiff's] and others'." *Id*. at 1207. Thus,

"[c]ancelling Defendants' registration would remedy the harm about which

[plaintiff] complains. Were their registration canceled, Defendants would no longer

be able to tout their registration in advertisements. Accordingly, the court

concludes not only that [plaintiff] has stated a Lanham Act false advertising claim,

but that this claim is a valid independent cause of action for which cancellation is a

remedy." *Id*.

　　　　Like *Basel*, TVH claims that Defendant deceptively advertises itself as the

sole and exclusive supplier of wine from the To Kalon region in order to mislead

consumers into preferring its wine over TVH's or others', which originate from the

same region. Specifically, TVH has alleged that "Constellation's advertising,

marketing, promotional materials and website create the false and misleading

impression that it is the sole owner of the TO KALON estate and as such, is the

only rightful source of such goods." Complaint, ¶¶ 58, 48-49. But, in reality,

"Plaintiff is one of several owners of land which was part of the original and

historic To Kalon estate." *Id*., ¶ 51. Because cancellation would remedy the harm

about which TVH complains, the Court may conclude that TVH has stated a

Lanham Act false advertising claim, and that claim is a valid independent cause of

1  action for which cancellation is a remedy.  *See Basel*, 793 F. Supp. 2d at 1207.

2  Second, TVH has brought a claim for declaratory relief involving

3  Defendant's registered trademarks.  Complaint, ¶¶ 60-63.  Specifically, TVH seeks

4  a judicial determination of its and Defendant's rights with respect to the TO

5  KALON name.  *Id.*, ¶ 63.  This Court has held that such a declaratory judgment

6  action constitutes a valid independent cause of action for which cancellation is a

7  remedy.  In *Coheso, Inc. v. Can't Live Without It, LLC, supra*, the plaintiff sought

8  declaratory relief under the Declaratory Relief Act that the defendant has no

9  protectable rights in its registrations.  *Id.* at *3.  The *Coheso* court held that

10 "cancellation is not an independent cause of action but instead 'may be sought if

11 there is already an ongoing action that involves a registered mark."  *Id.* at *4.

12 "Here, the declaratory judgment action constitutes such an ongoing action and thus

13 Plaintiff can also request cancellation of Defendant's trademark."  *Id.*; *see also FN*

14 *Cellars, LLC v. Union Wine Co.*, 2015 WL 5138173, at *2 (N.D. Cal. Sept. 1,

15 2015) ("[T]here is no independent basis for subject matter jurisdiction over

16 plaintiff's ... claim, for cancellation of [defendant's] ... trademark ... The Court's

17 jurisdiction over these claims is contingent upon a finding of subject matter

18 jurisdiction over plaintiff's second claim for declaratory judgment of non-

19 infringement for [plaintiff's] ... mark.").  Like *Coheso*, TVH's declaratory judgment

20 action constitutes a valid independent action for which cancellation is a remedy.

21 Finally, the fact that TVH can seek cancellation of Defendant's trademarks

22 before the Trademark Trial and Appeal Board ("TTAB") of the United States

23 Patent and Trademark Office (the "PTO") does not support dismissal.  "Congress

24 has not installed the PTO as the exclusive expert in the field."  *Rhoades, supra*, 504

25 F.3d at 1164.  "[P]arties may litigate these issues in federal court without

26 previously exhausting their claims before the TTAB."  *Id.*  "More importantly,

27 where, as here, there is a potential infringement lawsuit, federal courts are

28 particularly well-suited to handle the claims so that parties may quickly obtain a

1  determination of their rights without accruing potential damages." *Id.*

2  Accordingly, this factor supports the Court's exercise of jurisdiction over TVH's

3  claim for cancellation of Defendant's trademarks.

4  **D.    If Any Portion of the Complaint Is Deemed Deficient, Leave to**

5  **Amend Should Be Freely Granted**

6       Finally, dismissal is inappropriate.  A complaint, or any claim in it, should

7  not be dismissed without leave to amend unless "it is absolutely clear that the

8  deficiencies of the complaint could not be cured by amendment." *Grogan v. Health*

9  *Officer of County of Riverside*, 221 F.3d 1348, 1348 (9th Cir. 2000).  "[A] proposed

10  amendment is futile only if no set of facts can be proved under the amendment to

11  the pleadings that would constitute a valid and sufficient claim or defense." *Miller*

12  *v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  As set forth above,

13  TVH's Complaint alleges all necessary facts.  However, assuming additional facts

14  are necessary, the Court should grant TVH leave to amend the Complaint to set

15  forth additional factual allegations demonstrating TVH is entitled to relief by

16  further enhancing allegations regarding Defendant's injurious conduct.

17  **V.    CONCLUSION**

18       Defendant's motion to dismiss should be denied because this Court has

19  jurisdiction over this action and TVH has adequately pled facts supporting each of

20  its claims.  In the alternative, leave to amend should be granted.

21  DATED:  May 24, 2019             BUCHALTER
                                      A Professional Corporation
22

23

24                                   By:  */s/ Michael L. Meeks*
                                          MICHAEL L. MEEKS
25                                        FARAH P. BHATTI
                                          CHRISTINA L. TRINH
26                                        Attorneys for Plaintiff
                                          THE VINEYARD HOUSE, LLC
27

28

## CERTIFICATE OF SERVICE

The undersigned certifies that **PLAINTIFF THE VINEYARD HOUSE, LLC'S OPPOSITION TO DEFENDANT CONSTELLATION BRANDS U.S. OPERATIONS, INC.'S MOTION TO DISMISS** was served electronically upon the following parties by the CM/ECF system on this 24th day of May, 2019.

Timothy J. Carlstedt
(tcarlstedt@huntonak.com)
HUNTON ANDREWS KURTH LLP
50 California Street, Suite 1700
San Francisco, CA 94111
Tel.: (415) 975-3700
Fax: (415) 975-3701

Edward T. Colbert
(eolbert@huntonak.com)
William M. Merone (Pro Hac Vice pending)
(wmerone@huntonak.com)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Tel.: (202) 955-1500
Fax: (202) 778-2201

Counsel for Constellation Brands U.S. Operations, Inc.


DATED:  May 24, 2019          BUCHALTER
                              A Professional Corporation


                              By:  */s/ Michael L. Meeks*
                                   MICHAEL L. MEEKS
                                   FARAH P. BHATTI
                                   CHRISTINA L. TRINH
                                   Attorneys for Plaintiff
                              THE VINEYARD HOUSE, LLC