**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE VINEYARD HOUSE, LLC,**<br><br>Plaintiff**,**<br><br>vs.<br><br>**CONSTELLATION BRANDS U.S. OPERATIONS, INC.,**<br><br>Defendant**.** | CASE NO. 19-cv-01424-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 14 |

On June 24, 2019, the Court heard oral argument on defendant's motion to dismiss, which was fully briefed. (Dkt. Nos. 14, 16, 20.) As stated on the record, and confirmed herein, having carefully considered the briefing and arguments submitted in this matter, defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

First, with respect to plaintiff's claims for false advertising,[1] based on federal and state law, and unfair business practices, defendant contends that because its TO KALON trademark is incontestable under Section 15 of the Lanham Act, such designation provides conclusive evidence of the validity of the mark under Section 33 as well as that the marks are inherently distinctive and therefore cannot be descriptive, geographically or otherwise. (Dkt. No. 14 ("MTD") at 4-5 (citing 15 U.S.C. § 1115(b); *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 195-97 (1985)).) However, as they must, defendant acknowledges that "[s]uch conclusive evidence of the right to use the registered mark . . . shall be subject to the following defenses or defects:" including "that the registration or the incontestable right to use the mark was obtained fraudulently;" and "that the registered mark is being used by . . . the registrant, so as to

---

[1] The Court notes that during oral argument on June 24, plaintiff confirmed that its Section 43(a) Lanham Act Claim, stylized in the complaint as "False Advertising and False Designation of Origin," arises only under 15 U.S.C. § 1125(a)(1)(B) and not § 1125(a)(1)(A).

misrepresent the source of the goods or services on or in connection with which the mark is used[.]" 15 U.S.C. §§ 1115(b)(1); (3). Plaintiff has contended that both exceptions apply. Therefore, the Court **GRANTS** defendant's motion to dismiss, but provides plaintiff leave to amend to allege in greater detail how each of these exceptions apply.

Second, regarding plaintiff's declaratory judgment claim, defendant contends that no case or controversy exists because plaintiff does not specify "potentially infringing use" of the TO KALON mark. (MTD at 7-8.) The Declaratory Judgment Act provides that "[i]n a case of actual controversy," a federal court may declare that the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). To establish an "actual controversy," a plaintiff need not establish that defendant's conduct has created a reasonable apprehension of suit but must show that "there has been meaningful preparation to conduct potentially infringing activity." *See Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 880 (Fed. Cir. 2008) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-137 (2007); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937); *Merit Healthcare International, Inc. v. Merit Medical Sys., Inc.*, 721 Fed. Appx. 628, 630 (9th Cir. 2018) (finding that plaintiff's declaratory judgment claim that there would be trademark confusion if it sold its goods to certain customers was insufficient to sustain declaratory judgment jurisdiction where the plaintiff had not yet made any such sales nor alleged or offered proof that it had "imminent plans" to do so).

Plaintiff alleges that it has submitted trademark applications for marks containing the To Kalon term and defendant has sent TVH cease and desist letters regarding those applications demanded that plaintiff withdraw its pending applications and not use or dilute defendant's "famous" mark. (Dkt. No. 1 ¶ 61.) Therefore, plaintiff has alleged a case and controversy, however, because the Court has granted defendant's motion to dismiss with respect to plaintiff's other claims for further clarification, and the claim for declaratory relief rises and falls with the allegation of an independent claim, the Court **GRANTS** the motion with respect to declaratory relief as well and allows plaintiff leave to amend as to its other claims, as noted herein.

Finally, plaintiff's claim for trademark cancellation is not an independent cause of action

1    but a remedy that may be claimed where an independent cause of action under the Lanham Act is
2    elsewhere asserted.  *See* 15 U.S.C. § 1119.  Therefore, the Court **GRANTS** defendant's motion with
3    respect to plaintiff's assertion of trademark cancellation as an independent claim and provides
4    plaintiff leave to amend its complaint to assert trademark cancellation as a remedy.

        Accordingly, and as noted on the record, plaintiff **SHALL** file an amended complaint by no later than **July 1, 2019** and defendant **SHALL** respond by no later than **July 15, 2019**.

        This Order terminates Docket Number 14.

        **IT IS SO ORDERED.**

Dated: June 27, 2019

        _____
        **YVONNE GONZALEZ ROGERS**
        **UNITED STATES DISTRICT COURT JUDGE**