Timothy J. Carlstedt (SBN 168855) (tcarlstedt@huntonak.com)
HUNTON ANDREWS KURTH LLP
50 California Street, Suite 1700
San Francisco, CA 94111
Tel.: (415) 975-3700
Fax: (415) 975-3701

Edward T. Colbert (ecolbert@huntonak.com)
William M. Merone (*Pro Hac Vice* pending) (wmerone@huntonak.com)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Tel.: (202) 955-1500
Fax: (202) 778-2201

*Counsel for Constellation Brands U.S. Operations, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE VINEYARD HOUSE, LLC, a California limited liability company, <br><br> *Plaintiff*, <br><br> v. <br><br> CONSTELLATION BRANDS U.S. OPERATIONS, INC., a New York corporation, <br><br> *Defendant.* | Case No.: 4:19-cv-1424-YGR <br><br> **DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT** |

**ANSWER**

Defendant, Constellation Brands U.S. Operations, Inc., by and through counsel, hereby answers the First Amended Complaint filed by Plaintiff, The Vineyard House, LLC, as follows, with each numbered paragraph below corresponding to the similarly numbered paragraph in the First Amended Complaint. Unless expressly admitted, all allegations in the First Amended Complaint are denied.

## GENERAL BACKGROUND

1. Constellation admits only that it owns land in Oakville, California, portions of which at one time were owned by H.W. Crabb. Constellation lacks sufficient information to admit or deny the remainder of the allegations in the paragraph, and therefore denies same.

2. The paragraph contains only argument, to which no response is required.

3. The paragraph contains only argument, to which no response is required.

4. Constellation admits that Plaintiff is seeking declaratory relief, but denies that this Court has jurisdiction to entertain that claim. The remainder of this paragraph contains only argument, to which no response is required.

## THE PARTIES

5. Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same

6. Constellation admits only that it is a New York corporation with a principal office at the address listed in the Amended Complaint; that it owns the Robert Mondavi Winery; and that it uses its federally-registered TO KALON® trademark as an identifier of source on certain wine products. The remaining allegations of this paragraph are denied.

## JURISDICTION AND VENUE

7. Denied.

8. Constellation admits that if the Court were to have jurisdiction, then venue in this District would be proper. Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same.

## GENERAL ALLEGATIONS

9. Denied, other than to admit that at one time "To Kalon" was used as the name of a winery operation during the 19th century.

10. Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same.

11. Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same.

12. Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same.

13. Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same.

14. Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same.

15. Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same. Constellation further states that Plaintiff's proposed definition of "To Kalon estate" is false and misleading, and is based on an inaccurate premise, and therefore will not be used.

16. Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same.

17. Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same.

18. Constellation admits only that Constellation owns certain parcels of land that once belonged either to H.W. Crabb or his company. Constellation lacks sufficient information to admit or deny the allegations as they relate to third parties, and therefore denies same. The remainder of the paragraph contains only argument, to which no response is required. Constellation further states that Plaintiff's proposed definition of "To Kalon estate" is false and misleading, and is based on an inaccurate premise, and therefore will not be used in this response or in responding to any allegation of the complaint wherein such term is used.

19. Denied.

20. Constellation objects to Plaintiff's characterization of the referenced documents and denies that "To Kalon" was a known geographic area. Constellation lacks sufficient information to admit or deny the remaining allegations in the paragraph, and therefore denies same.

21. Constellation admits only that on June 9, 1987, it filed Serial No. 73665622, which application since issued as U.S. Reg. No. 1489619 for the mark "TO KALON." Constellation denies the remaining allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the official file wrapper for that application, which Constellation incorporates here by reference.

22. Constellation admits only that on October 29, 1987, the U.S. Trademark Office issued an office action in Serial No. 73665622, which application since issued as U.S. Reg. No. 1489619. Constellation denies the remaining allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the official file wrapper for that application, which Constellation incorporates here by reference.

23. Constellation admits only that on November 25, 1987, it filed a response to an office action in Serial No. 73665622, which application since issued as U.S. Reg. No. 1489619. Constellation denies the remaining allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the official file wrapper of that application, which Constellation incorporates here by references.

24. Constellation lacks sufficient information to admit or deny the allegations in the first two sentences of the paragraph, and therefore denies same. Constellation denies having made any false claims, and the remainder of the paragraph contains only argument, to which no response is required.

25. Constellation denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced documents. Further, Constellation objects to any reliance on these documents for the supposed truth of any statement contained therein, and thus to the extent necessary, denies same.

26. Constellation denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced document. Further,

|   |   |   |
|---|---|---|
| 1 |  | Constellation objects to any reliance on this document for the supposed truth of any |
| 2 |  | statement contained therein, and thus to the extent necessary, denies same. |
| 3 | 27. | Constellation denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced documents.  Further, Constellation objects to any reliance on these documents for the supposed truth of any statement contained therein, and thus to the extent necessary, denies same. |
| 7 | 28. | Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same. |
| 9 | 29. | Constellation lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same. |
| 11 | 30. | Constellation lacks sufficient information to admit or deny the allegations in the first sentence of the paragraph, and therefore denies same.  The remainder of the paragraph contains only argument, to which no response is required. Constellation further denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced documents, and also objects to any reliance on these documents for the supposed truth of any statement contained therein. |
| 17 | 31. | Constellation denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced documents.  Further, Constellation objects to any reliance on these documents for the supposed truth of any statement contained therein, and thus to the extent necessary, denies same. |
| 21 | 32. | Constellation denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced documents.  Further, Constellation objects to any reliance on these documents for the supposed truth of any statement contained therein, and thus to the extent necessary, denies same. |
| 25 | 33. | Constellation lacks sufficient information to admit or deny the allegations in the first sentence of the paragraph, and therefore denies same.  The remainder of the paragraph contains only argument, to which no response is required. Constellation further denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are |

1 taken out of context from, the referenced document, and also objects to any reliance on the document for the supposed truth of any statement contained therein.

34. Denied.

35. Constellation denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced documents. Further, Constellation objects to any reliance on these documents for the supposed truth of any statement contained therein, and thus to the extent necessary, denies same.

36. The first sentence of this paragraph contains only argument, to which no response is required. Constellation lacks sufficient information to admit or deny the remaining allegations in the paragraph, and therefore denies same

37. Constellation lacks sufficient information to admit or deny the allegations in the first and second sentences of the paragraph, and therefore denies same. The remainder of the paragraph contains only argument, to which no response is required. Constellation further denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced statement, and also objects to any reliance on reports of the statement for the accuracy of the supposed statement itself.

38. Constellation admits only that on November 3, 1993, it filed Serial No 74456021, which application since issued as U.S. Reg. No. 1857851for the mark "TO KALON VINEYARD." Constellation denies the remaining allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the file wrapper of that application, which Constellation incorporates here by references.

39. Constellation denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced documents. Further, Constellation objects to any reliance on these documents for the supposed truth of any statement contained therein, and thus to the extent necessary, denies same.

40. Constellation denies any allegation that TO KALON is a geographic location. The rest of this paragraph contains only argument, to which no response is required.

| | | |
|---|---|---|
| 1 | 41. | To the extent that Plaintiff characterizes any statement by Mondavi as "completely false", the allegation is denied. Otherwise, this paragraph contains only argument, to which no response is required. |
| 4 | 42. | Admitted. |
| 5 | 43. | Constellation lacks sufficient information to admit or deny what Plaintiff supposedly believes, and therefore denies same. The remainder of this paragraph contains only argument, to which no response is required. |
| 8 | 44. | Denied. |
| 9 | 45. | Constellation lacks sufficient information to admit or deny what Plaintiff supposedly believes, and therefore denies same. Constellation further denies the allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced statement, and also objects to any reliance on reports of the statement for the accuracy of the supposed statement itself. |
| 14 | 46. | To the extent that this allegation suggests that Constellation is not using grapes from its To Kalon Vineyard, the allegation is denied. The rest of the paragraph contains only argument, to which no response is required. |
| 17 | 47. | This paragraph contains only argument, to which no response is required. |
| 18 | 48. | This paragraph contains only argument, to which no response is required. |
| 19 | 49. | This paragraph contains only argument, to which no response is required. |
| 20 | 50. | This paragraph contains only argument, to which no response is required. |
| 21 | 51. | Constellation denies the allegations in the first sentence of this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, the referenced website. The remaining allegations in this paragraph contains only argument, to which no response is required. |
| 25 | 52. | This paragraph contains only argument, to which no response is required. |
| 26 | 53. | This paragraph contains only argument, to which no response is required. |
| 27 | 54. | Constellation admits only that on January 12, 2019, it initiated Opposition No. 91245800 by filing a Notice of Opposition. Constellation denies the remaining allegations in this |

paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, documents from the official file history.

55. Constellation admits only that on March 5, 2019, it filed a responsive pleading in Opposition No. 91245800. Constellation denies the remaining allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, documents from the official file history of that proceeding.

56. This paragraph contains only argument, to which no response is required.

57. This paragraph contains only argument, to which no response is required, to the extent that the paragraph purports to state what consumers know or do not know, Constellation lacks sufficient information upon which to admit or deny the allegations and therefore denies the same.

58. Constellation admits only that on or about April 8, 2019, it filed an Amended Notice of Opposition with the US Patent and Trademark Office. Otherwise, this paragraph contains only argument, to which no response is required.

59. This paragraph contains only argument, to which no response is required, except as to any allegation that Constellation as admitted to confusing or misleading consumers, the allegations are denied.

60. This paragraph contains only argument, to which no response is required.

61. To the extent that this paragraph purports to describe the behavior of consumers, Constellation lacks sufficient information upon which to admit or deny the allegations and therefore denies the same. Constellation states again that Plaintiff's use of "to Kalon estate" as Plaintiff has attempted to define it is false and misleading, and is based on an inaccurate premise. Otherwise, this paragraph contains only argument, to which no response is required.

62. This paragraph contains only argument, to which no response is required. To the extent that the paragraph asserts as a fact what consumers do or do not value, Constellation lacks sufficient information upon which to admit or deny, and therefore denies the same.

63. This paragraph contains only argument, to which no response is required. To the extent the paragraph contains any factual allegations that are not argument, Constellation denies such allegations.

64. Denied.

65. Denied.

66. Constellation lacks sufficient information to admit or deny the allegations in the first sentence of the paragraph as it is entirely speculative in nature and without concrete example, and therefore denies same. The remaining allegations in this paragraph are denied.

67. Denied.

68. Constellation admits only that the records of the U.S. Trademark Office suggest that Plaintiff has filed multiple trademark applications that seek to incorporate the words "TO KALON." Constellation lacks specific information, and thus relies on and references the records of the U.S. Trademark Office as to the specifics for any of those applications.

69. Constellation admits only that on June 29, 2018, it sent a letter to Plaintiff. Constellation denies the remaining allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, that letter. Constellation further denies the remaining allegations this paragraph.

70. Constellation admits only that the records of the U.S. Trademark Office indicate that Plaintiff has filed several trademark applications that seek to incorporate the name "CRABB." Constellation lacks specific information, and thus relies on and references the records of the U.S. Trademark Office as to the specifics for any of those applications.

71. Constellation admits only that it has filed oppositions to a number of Plaintiff's trademark applications. Constellation denies the remaining allegations in this paragraph to the extent they are inconsistent with, mischaracterize, or are taken out of context from, documents from the official file histories of those proceedings. The remaining allegations are denied.

72. This paragraph contains only argument, to which no response is required and, further, Constellation is unable to understand what it is that Plaintiff proposes to do, as it is hypothetical in nature without concrete form. As to the last sentence of this paragraph,

|   |   |
|---|---|
| 1 | Constellation lacks sufficient information to admit or deny this allegation and therefore denies it. |
| 3 | 73. This paragraph contains only argument, to which no response is required. |
| 4 | 74. Admitted. |
| 5 | 75. Denied. |
| 6 | 76. This paragraph contains only argument, to which no response is required. |
| 7 | 77. Denied. |
| 8 | 78. Denied. |
| 9 | 79. Denied. |
| 10 | 80. Constellation denies the first sentence of this paragraph. The remainder of this paragraph contains only argument, to which no response is required. |

## FIRST CLAIM FOR RELIEF

**(False Advertising and False Designation of Origin - 15 U.S.C. §1125(a))**

81. Constellation restates and incorporates its previous responses to Paragraphs 1 – 80 above.

82. Admitted.

83. Denied.

84. Denied.

85. This paragraph contains only argument, to which no response is required.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief – Federal Law)

86. In response to the statement made in Paragraph 86, Constellation restates and incorporates its previous responses to Paragraphs 1 – 85 above.

87. Denied.

88. This paragraph contains only argument, to which no response is required. To the extent that the paragraph purports to set out Plaintiff's beliefs, Constellation has insufficient information on which to respond and therefore denies the same.

89. This paragraph contains only argument, to which no response is required. To the extent that Plaintiff has not determined what kind of use it may make of the words TO KALON on future releases of wine made by Plaintiff, Constellation cannot respond since such a request for an open-ended advisory opinion by the Court would be improper.

## THIRD CLAIM FOR RELIEF

### (False Advertising – California Law)

90. In response to the statement made in Paragraph 90, Constellation restates and incorporates its previous responses to Paragraphs 1 – 89 above.

91. Denied.

92. Denied.

93. Denied.

## FOURTH CLAIM FOR RELIEF

### (Unfair Business Practices – California Law)

94. In response to the statement made in Paragraph 94, Constellation restates and incorporates its previous responses to Paragraphs 1 – 93 above.

95. Denied.

96. Denied.

97. Denied.

## PRAYER FOR RELIEF

Constellation denies that Plaintiff is entitled to any of the relief request and also denies that such requested relief could properly be granted to Plaintiff, but that Constellation be awarded its costs of this litigation, including reasonable attorney fees pursuant to the Lanham Act and as may otherwise be proper.

## DEFENSES

Without admitting any of the allegations of the Amended Complaint, Constellation alleges as follows:

## FIRST DEFENSE

Vineyard's Amended Complaint fails to state a claim of action upon which relief can be granted and should be dismissed.

## SECOND DEFENSE

Vineyard's Amended Complaint fails to allege an actual controversy sufficient to confer subject matter jurisdiction.

## THIRD DEFENSE

Vineyard's Amended Complaint seeks relief unavailable as a matter of law.

## FOURTH DEFENSE

Vineyard's Amended Complaint is barred by equitable doctrines of laches, estoppel, acquiescence, and/or unclean hands.

//
//
//
//
//
//
//
//

Respectfully Submitted,

Dated: July 15, 2019    By:    /s/ Edward T. Colbert
Edward T. Colbert
William M. Merone (*Pro Hac Vice* pending)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Tel.: (202) 955-1500
Fax: (202) 778-2201
Emails: ecolbert@huntonak.com
            wmerone@huntonak.com

*Counsel for Defendant,*
*Constellation Brands U.S. Operations, Inc.*

# CERTIFICATE OF SERVICE

The undersigned certifies that **DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT** was served electronically upon the following parties by the CM/ECF system on this 15th day of July 2019:

> Miachel L. Meeks
> Farah P. Bhatti
> Christina L. Trinh
> BUCHALTER
> 18400 Von Karman Ave.; Suite 800
> Irvine, CA  92612-0514
> Tel.: (949) 760-1121
> Fax: (949) 720-0182
> Email: mmeeks@buchalter.com
> fbhatti@buchalter.com
> ctrinh@buchalter.com

Dated: July 15, 2019         By:   /s/ Edward T. Colbert

                                   A partner at Hunton Andrews Kurth LLP