

**Edward T. Colbert**
Direct 202.662.3010
ecolbert@HuntonAK.com

2200 Pennsylvania Avenue, NW
Washington, DC 20037

October 2, 2019

**Via ECF**

Honorable Yvonne Gonzalez Rogers
United States District Judge
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

      Re:    *The Vineyard House, LLC v. Constellation Brands U.S. Operations, Inc.*,
              4:19cv1424 (YGR)

Dear Judge Rogers:

      Pursuant to Rule 8.b of Your Honor's Standing Order in Civil Cases, Defendant submits the following "Joint Discovery Letter" concerning certain discovery disputes raised by Defendant. The current dispute revolves around Plaintiff's responses to Defendant's first set of interrogatories and requests for documents. Defendant has repeatedly requested to meet and confer with Plaintiff, both after its initial discovery responses and after supplemental responses, but Plaintiff has refused to meet and confer. In addition, Defendant has on two occasions sent a joint version of this letter to Plaintiff for their response, most recently last Friday, but still have not received any input from Plaintiff. Given Plaintiff's repeated delays and failure to meet and confer, Defendant is forced to file this letter unilaterally.

      Plaintiff objected to every single interrogatory, and every single document request using verbatim boilerplate objections. For the interrogatories, Plaintiff refuses to respond to a number of the requests, while only responding in part to others. Attached to this letter are excerpts from Plaintiff's responses to Defendant's discovery requests so the Court can see examples of the responses received. Similarly, Plaintiff provided only verbatim duplicative boilerplate objections to every single document request. For most, if not all, of the requests, Plaintiff refused to agree to produce documents claiming the request was vague because Plaintiff did not know what "related to" or "referring to" meant.

      On the day that discovery was due, September 9, 2019, Plaintiff called and requested an extension of time of over three weeks. However, counsel for Defendant was constrained to inform Plaintiff's counsel that he did not have the authority to agree but would have to submit the request to Defendant. Principal among the perceived issues was the tight schedule in this case – a case brought by Plaintiff and as to which Plaintiff should be prepared to prosecute. After that, the same day Plaintiff served responses to the discovery requests that solely contained boilerplate objections and no substantive response. On September 10, 2019,

Honorable Yvonne Gonzalez Rogers
October 2, 2019
Page 2



Defendant then sent a deficiency letter and demanded a meeting to confer, which Plaintiff refused. Plaintiff later served supplemental responses on September 24th along with a small and incomplete document production.

Despite the pointed nature of the Defendant's requests, the only document provided from the Plaintiff's records is a photograph showing mockup bottles of what it intends to sell (but is not selling) with the TO KALON brand. The remainder of the production consisted of public records such as probate records and newspapers, books, and other periodicals. Plaintiff failed to produce even basic corporate documents like corporate organizational charts (RFP 1), To Kalon marketing events Plaintiff sponsored (RFP 10), channels of distribution (RFP 13), and sales data (RFP 14).

In response to Interrogatory No. 2 asking Plaintiff to describe goods it offers that use TO KALON, Plaintiff admits "At this time, Responding Party has not placed any wines bearing 'TO-KALON' on the market for sale…" As the Court knows, Defendant previously moved to dismiss Plaintiff's declaratory judgment count as lacking any actual case or controversy. And in response to the Court's Order dismissing the original complaint, Plaintiff filed the First Amended Complaint, specifically alleging that it is actually using TO KALON on its bottles. *See* D.I. 30 at ¶72. Now, Plaintiff takes the position in discovery that it is not using TO KALON.

At the Court's recommendation, Defendant propounded formal discovery requests to learn of Plaintiff's alleged usage and the scope of its declaratory judgment claim – that is, just what it is seeking. *See* June 24, 2019 Hr. at 21:21 – 22:5. In response to Plaintiff's discovery failure, Defendant sent a deficiency letter raising these points, which is still not adequately addressed.

Currently, expert reports are due on November 4, 2019. Thus, to realistically meet this deadline, Defendant should have received interrogatory answers and documents by this time to permit follow up discovery, if necessary, correction of deficiencies, and to prepare for depositions in mid-October to enable experts to prepare their analyses. There is no room in the schedule for lengthy and unnecessary delay. Given Plaintiff's failures to produce discovery, Defendant cannot reasonably meet the November 4th expert deadline since it has virtually no documents with which to take depositions to prepare any expert witnesses. To avoid further delays in the trial schedule, Defendant requests the Court order Plaintiff to produce all substantive responses to written discovery, and order Plaintiff actually to produce all responsive documents no later than October 15, 2019 and that expert deadlines and summary judgment deadlines all be delayed by one month (which should still not disrupt the trial schedule).

Defendant, therefore, requests the Court order Plaintiff to fully comply with the discovery requests, including actual production of any and all documents and interrogatory answers no later than October 15, 2019.

Honorable Yvonne Gonzalez Rogers
October 2, 2019
Page 3



    We look forward to the Court's consideration in this matter and remain available for a teleconference should the Court so order one.

                Respectfully submitted,

                */s/ Edward T. Colbert*

                Edward T. Colbert

Attachments

cc:    All counsel of record