# Buchalter

55 Second Street
Suite 1700
San Francisco, CA  94105
415.227.0900 Phone
415.227.0770 Fax

November 25, 2019

Client No. N5804-134
pbales@buchalter.com
Direct: 415.227.3655

VIA ECF Filing
The Honorable Yvonne Gonzalez Rogers
United States District Court
Oakland Courthouse, Courtroom 1
1301 Clay Street, 4th Floor
Oakland, CA 94612

                Re:    *The Vineyard House, LLC v. Constellation Brands US Operations, Inc.*
                       United States District Court; Case No. 4:19-cv-1424-YGR

Dear Judge Rogers:

The parties hereby submit the following joint statement pursuant to the Court's request.

**Agreements and Request for Revisions to Deadlines:**

- The parties have agreed and request to revise the briefing schedule for the preliminary injunction as follows:  Response due 12/11/2019.  Replies due 12/17/2019.  Hearing remains as previously scheduled.
- The parties have agreed and request to revise the expert report deadlines as follows: Expert Reports due 12/16/2019. Rebuttal Reports due 1/8/2020.
- The parties disagree on the time needed to complete fact and expert discovery.  TVH requests that the expert and non-expert discovery cut-off be extended two weeks from 1/20/2020 to 2/3/2020.  Constellation requests that the cut-offs remain 1/20/2020.

**List of Depositions and Scheduling:**

TVH seeks to depose the following non-expert witnesses:
1. Constellation FRCP 30(b)(6) for finances, Nihar Bhatt (parties discussing dates)
2. Constellation FRCP 30(b)(6) Mark de Veere (Scheduled for 12/20/2019)

buchalter.com

Los Angeles
Napa Valley
Orange County
Portland
Sacramento
San Diego
San Francisco
Scottsdale
Seattle

# Buchalter

The Honorable Yvonne Gonzalez Rogers
November 25, 2019
Page 2

3. Constellation FRCP 30(b)(6) and individual deposition of John Seethoff (Scheduled for 1/8/2020)
4. Individual deposition of Constellation employee Greg Workman (Scheduled for 1/9/2020)
5. Individual deposition of Constellation employee Andy Erikson (not yet scheduled)
6. Subpoena and request for documents to John Uilkeme (not yet scheduled)
7. Subpoena and request for documents to Tim Mondavi (not yet scheduled)
8. Subpoena and request for documents to Graeme McDonald (not yet scheduled)
9. Subpoena and request for documents to Andy Beckstoffer (not yet scheduled)

Constellation seeks to depose the following non-expert witnesses:

1. TVH FRCP 30(b)(6) and individual deposition of Jeremy Nickel (Scheduled for 12/9/2020)
2. Individual deposition of TVH employee Amy Ash (parties discussing dates)
3. Individual deposition of TVH employee Craig Norris (parties discussing dates)
4. Subpoena for deposition of Graeme MacDonald (to be scheduled coextensive with Plaintiff's subpoena)
5. Subpoena and request for documents to Andy Beckstoffer (to be scheduled coextensive with Plaintiff's subpoena)

**Discovery Outline:**

TVH:  On August 30, 2019, TVH served Interrogatories (Set 1) and Document Requests (Set 1). On October 18, 2019, TVH served Document Requests (Set 2).  There are several discovery disputes remaining regarding Interrogatories (Set 1) and Document Requests (Set 2) that the parties have met and conferred on, that remain unresolved, and that will be briefed in a joint letter.  On November 18, 2019, TVH served Interrogatories (Set 2) and Document Requests (Set 3).  Those responses are due in December 2019.  Constellation has promised further documents, but those have not been produced yet.  TVH needs Constellation's remaining documents to be produced, especially the financial documents for sales of To Kalon wines before TVH can provide expert reports and take depositions concerning those finances.  Constellation has told TVH that further document productions are coming, but provided no dates certain as to when those productions will be completed and refused to amend any responses to document requests to confirm the scope of production.  Constellation has promised amended responses to some interrogatories, but not provided them or a date certain as to when they will be provided.  The parties have exchanged FRCP 30(b)(6) notices and TVH is meeting and conferring with Constellation regarding the 47 overbroad and improper topics identified in Constellation's notice.

# Buchalter

The Honorable Yvonne Gonzalez Rogers
November 25, 2019
Page 3

TVH has repeatedly asked for dates for Constellation witnesses but Constellation delayed providing them and provided limited options. For example, Constellations' "finance" person is only available on one day in December, December 10. Constellation did not inform TVH of this limited availability until shortly before this letter. TVH is hopeful that it can take the deposition on that one day offered and will confirm as soon as it can, but if so it means moving witnesses that were already confirmed for that date, Ash and Norris, and it assumes that Constellation will complete its document production by then, something Constellation could not 100% commit to during the meet and confer. Constellation's comment below that TVH has refused December 10 is inaccurate.

Given the number of fact depositions to complete and the limited availability of counsel and witnesses in December 2019 and Constellations' refusal to take any depositions in the first week of December on dates offered, fact discovery will continue into January 2020 and will be followed by expert discovery in later January 2020 with the goal to complete discovery by February 2020.

Constellation: On August 9, 2019, Defendant served Interrogatories (Set 1) and Document Requests (Set 2). On September 18, 2019 Defendant served its Interrogatories (Set 2). On October 15, 2019, Defendant served its Document Request (Set 2) and Interrogatories (Set 3). There were numerous discovery disputes that the parties repeatedly conferred on, some of which were previously brought to the Court's attention, resulting in Plaintiff finally producing responsive documents, the majority of Plaintiff's business records being just produced in the last couple weeks. Plaintiff was refusing to produce its sales data, which Defendant needed to defend against Plaintiff's asserted damage theories. However, Plaintiff finally agreed to produce such data today, and Defendant is awaiting that production. Plaintiff indicated it was awaiting Defendant's sales data. Defendant already produced this data, but agreed to supplement and provide further data even though it did not believe it was relevant. The parties only met and conferred on this issue on last Friday and Defendant is scrambling to produce that data and additional documents hopefully before Thanksgiving or early next week. As Plaintiff noted, the parties have exchanged 30(b)(6) notices. While Defendant has offered definite designees, Plaintiff has only tentatively identified Mr. Nickel its principal as their sole designee. However, Plaintiff's counsel could not confirm that he would be the only designee.

      Defendant fails to see the need to extend fact depositions into January and expert discovery into February. Based on Plaintiff's proffered dates for its witnesses and Defendant's witnesses' availability, the parties could have completed fact depositions before Christmas. Defendant even accommodated Plaintiff's request to depose its financial designee on December 10, the same day Ms. Ash and Mr. Norris, two of Plaintiff's employees, were originally scheduled for. We surrendered that date for them to allow them to take our financial expert in advance of the expert report and now Plaintiff will no longer agree to that date. Defendant cannot even reach a reasonable schedule for depositions with Plaintiff because Plaintiff keeps

# Buchalter

The Honorable Yvonne Gonzalez Rogers
November 25, 2019
Page 4

changing its mind.  However, Plaintiff's counsel indicated an inability to take all depositions before Christmas and demanded alternative dates in January which Defendant provided.[1]  Defendant is concerned because it is a New York based corporation, Plaintiff's insistence on spreading out the dates is requiring unnecessary amount of travel by its counsel and corporate representative.  Although Plaintiff has laid out a schedule above, Defendant would request that depositions be rescheduled based on witness availability to minimize travel.

     As to the discovery cutoff, Defendant fails to see the need to extend discovery into February.  Even with the proposed rebuttal expert reports being extended to January 8, that still leaves more than enough time to depose experts.  The parties will have from December 16 until January 20 (a period of 36 days) to depose all experts.   The parties could readily meet the existing January 20 cutoff.


BUCHALTER  
A Professional Corporation

By _____  
    Peter H. Bales

HUNTON ANDREWS KURTH, LLP

By _____  
    Edward Colbert

---

[1] Plaintiff also contends it provided dates in the first week in December, the same time that Defendant's opposition to Plaintiff's preliminary injunction motion is due and also when expert reports are due.  Given the existing deadlines, and the fact that Defendant has yet to receive Plaintiff's sales data, it could not take Plaintiff's deposition in the first week of December.