UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE VINEYARD HOUSE, LLC**,<br><br>Plaintiff,<br><br>v.<br><br>**CONSTELLATION BRANDS U.S. OPERATIONS, INC.**,<br><br>Defendant. | Case No. 19-cv-01424-YGR<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 45 |

On January 7, 2020, the Court heard oral argument on plaintiff's motion for preliminary injunction, which was fully briefed by the parties. (*See* Dkt. Nos. 45, 62, 71.) For the reasons stated on the record, and confirmed and stated herein, having carefully considered the briefing and arguments submitted in this matter, the Court **DENIES** plaintiff's motion for a preliminary injunction.

First, the Court finds at this juncture that plaintiff has failed to demonstrate a likelihood of success on the merits of its claims based on clear and convincing evidence. As a matter of law, a party cannot base a claim for false advertising on a trademark owner's use of its own registered mark; this is so where, as here, the registrations are incontestable. *See Mighty Enterprises, Inc. v. She Hong Indus. Co. Ltd.*, 2015 WL 276771, \*3 (C. D. Cal. 2015) ("there can be no claim for false advertising against a company that advertises with a registered trademark it owns"). Thus, plaintiff must show that defendant's trademarks should be cancelled on some basis. As relevant here, "[a] party seeking cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof." *In re Bose*, 580 F.3d 1240, 1243 (Fed. Cir. 2009). "[T]he very nature of

the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *Id.* (*quoting Smith Int'l, Inc. v. Olin Corp.*, 209 USPQ 1033, 1044 (TTAB1981)); *accord OTR Wheel Eng., Inc. v. West Worldwide Serv., Inc.*, 897 F.3d 1008, 1020 (9th Cir. 2018) ("We agree and join the Federal Circuit in requiring clear and convincing evidence for the elements of fraud on the [Trademark Office].") (referencing *In re Bose*). Although there is some evidence introduced in the parties' briefing, and plaintiff may be able to succeed in its claim at trial, the current state of the record does not meet the "heavy burden of proof" required to cancel a trademark registration for fraudulent procurement. Thus, plaintiff has failed to demonstrate a likelihood of success on the merits.

Moreover, the Court finds that plaintiff's delay in filing the preliminary injunction indicates a lack of any urgency and weighs against a finding of irreparable harm. First, as established by the record, defendant and its predecessor have been selling wine under the "To Kalon" and "To Kalon Vineyard" labels for decades. Although the motion only seeks to enjoin defendant from using "To Kalon Vineyard *Company*," (emphasis supplied) plaintiff does not demonstrate how the inclusion of "company" alters the irreparable harm analysis where defendant already uses and has used for decades nearly identical marks. This is so where the motion does not seek to enjoin defendant from continuing its use of these nearly identical marks. Second, the record reflects that defendant gave notice in May 2019 of its intent to sell a limited wine under the "To Kalon Vineyard Company" mark beginning in September 2019. Plaintiff did not file the motion until November 18, 2019, despite that accompanying materials from an expert witness were dated in early October 2019. (*See* Dkt. No. 45-2.) Courts have found similar delays weighing against any finding of irreparable harm. *See ConocoPhillips Co. v. Gonzalez*, No. 5:12-cv-00576-LHK, 2012 WL 538266, at *3 (N.D. Cal. Feb. 17, 2012); *Kerr Corp. v. N. Amer. Dental Wholesalers, Inc.*, No. SACV 11-0313 DOC (CWx), 2011 WL 2269991, at *3 (C.D. Cal. June 9, 2011); *Hallmark Harwoods, Inc. v. Omni Wood Product, LLC*, CV 10-05896 SJO (JCGx), 2011 WL 13180223, at *2 (C.D. Cal. May 17, 2011). Thus, plaintiff has failed to show a likelihood of irreparable harm.

Accordingly, plaintiff's motion for a preliminary injunction is **DENIED**.

This Order terminates Docket Number 45.

**IT IS SO ORDERED.**

Dated: January 8, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**