Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE VINEYARD HOUSE, LLC, a California limited liability company,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>CONSTELLATION BRANDS U.S. OPERATIONS, INC., a New York corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | CASE NO.:  4:19-cv-01424-YGR<br><br>**JOINT STATEMENT OF THE CLAIMS AND DEFENSES TO BE RAISED AT TRIAL** |

Pursuant to the court's Order, D.I. 42, Plaintiff and Counterclaim Defendant THE VINEYARD HOUSE, LLC ("TVH") and Defendant and Counterclaim Plaintiff Constellation Brands U.S. Operations, Inc. ("Constellation"), hereby jointly submit the following concise statement of the claims and defenses to be raised by the parties at trial.

| TVH'S CLAIMS FOR RELIEF, NO. 4:19-CV-01424, D.I. 31 ||
|---|---|
| **TVH's First Claim for Relief — False Advertising and False Designation of Origin, 15 U.S.C. § 1125(a)** ||
| Claim(s) | TVH asserts that Constellation's use of the name To Kalon related to the sale of wine products that are not at least 95 percent sourced from the Home Place and Lewelling Place parcels constitutes false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a). |
| Element(s) | Constellation shall be liable for false advertising and false designation of origin under 15 U.S.C. § 1125(a) if<br><br>1. Constellation used in commerce (i) a name, or (ii) any false designation of origin, false or misleading description of fact, or (iii) a false or misleading representation that<br>2. Is likely to cause confusion, mistake, or deceive as to the origin, sponsorship, or approval of goods; or<br>3. In commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of goods, and<br>4. TVH believes that it is likely to be damaged by such act.<br><br>Authority: 15 U.S.C. § 1125(a); *see also Alfasigma USA, Inc. v. First Databank, Inc*. |

| | | |
|---|---|---|
| | **Additional & Affirmative Defense(s)** | Constellation denies the factual allegations underlying the TVH's First Claim for Relief and asserts the following affirmative defenses:<br><br>1. TVH's First Claim for Relief is barred by the doctrine of laches based on TVH's long history and awareness of Constellation and its use and ownership of the TO KALON and TO KALON VINEYARD marks.<br><br>A presumption of laches arises in a Lanham Act claim where the TVH filed suit more than four years after it knew or should have known of its claim, and TVH's delay was unreasonable.<br><br>Authority: *Pinkette Clothing, Inc. v. Cosmetic Warriors Limited*, 894 F.3d 1015, 1025 (9th Cir. 2018); *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002).<br><br>2. TVH's First Claim for Relief is barred by the doctrine of estoppel based on TVH's long history and awareness of Constellation and its use and ownership of the TO KALON and TO KALON VINEYARD marks, and therefore,<br><br>An equitable estoppel defense shall apply when:<br><br>(1)TVH knew the defendant was selling a potentially infringing product; (2) TVH's actions or failure to act led the Constellation to reasonably believe that TVH did not intend to enforce its trademark right against the Constellation; (3) Constellation did not know that TVH actually objected to the sale of its potentially infringing product; and (4) due to its reliance on the TVH's actions, Constellation will be materially prejudiced if TVH is allowed to proceed with its claim.<br><br>Authority: *3M Co. v. Rollit, LLC,* No. C 06-01225 JW, 2008 WL 8820473, at *5 (N.D. Cal. May 14, 2008).<br><br>3. TVH's First Claim for Relief is barred by the doctrine of unclean hands based on TVH's conduct in attempting to commercially benefit from the name To Kalon and its deceptive conduct in this action, and on TVH's attempt to register marks incorporating the name To Kalon in contravention to its allegations in this case.<br><br>An unclean hands defense shall apply if": (1) TVH's conduct is inequitable; and (2) "that the conduct relates to the subject matter of [TVH's] claims."<br><br>Authority: *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir.1987).<br><br>4. Constellation owns federal trademark registrations for the marks subject to the TVH claims. |

|  |  |
|---|---|
|  | As a matter of law, TVH cannot base a claim for false advertising on Constellation's use of its own validly registered mark.<br><br>Authority: *Mighty Enterprises, Inc. v. She Hong Indus. Co. Ltd.,* 2015 WL 276771, *3 (C. D. Cal. 2015) ("there can be no claim for false advertising against a company that advertises with a registered trademark it owns").<br><br>5. Constellation's federal registrations are incontestable under the law.<br><br>Authority: 15 U.S.C. § 1115(b).<br><br>6. Constellation's TO KALON and TO KALON VINEYARD marks have served as Constellation's and its predecessor's exclusive trademarks for over 30 years, and do not identify a specific geographic region, and therefore, are not subject to a challenge by TVH.<br><br>Authority: 15 U.S.C. § 1115(b). |
| **Disagreement(s)** | Constellation asserts that TVH's claim is improper because the only basis for TVH's claim of false advertising is use by Constellation of its TO KALON and TO KALON VINEYARD trademarks. Consequently, Constellation claims as a matter of law TVH cannot state a valid claim for false advertising. *See Mighty Enterprises, Inc. v. She Hong Indus. Co. Ltd.*, 2015 WL 276771, *3 (C.D. Cal. 2015). Constellation also asserts that the Alcohol and Tobacco Tax and Trade Bureau's regulation requiring that a specific vineyard designation requires that 95% of a wine's blend must be sourced from the particular vineyard's boundaries is not a proper basis for TVH's false advertising claim against Constellation. In addition, the boundaries of a vineyard designation is within the control of the party using such designation.<br><br>TVH asserts that Constellation's TO KALON and TO KALON VINEYARD trademarks are invalid due to fraud by Robert Mondavi Winery in the initial application for those marks, as set forth below, and that therefore TVH may proceed with its claim. TVH also asserts that the "95% rule" is a proper basis for its false advertising claim against Constellation. |
| **TVH's Second Claim for Relief — Declaratory Relief of Non-Infringement and Cancellation of the Constellation's TO KALON Federal Trademark Registrations (Federal)** | |

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

| | |
|---|---|
| **Claim(s)** | I. **Non-Infringement Due to "Classic" Fair Use.**<br><br>TVH asserts and seeks a declaration that TVH has the right to use the name "To Kalon" as it falls within the Fair Use Doctrine under 15 U.S.C. §§ 1114 and/or 1125(a).<br><br>II. **Cancellation (Fraud).**<br><br>TVH asserts and seeks a declaration that Constellation's TO KALON and TO KALON VINEYARD federal trademark registrations should be cancelled notwithstanding Section 15 incontestability on the grounds of fraud. |
| **Element(s)** | I. **Non-Infringement Due to Fair Use of the Name "To Kalon".**<br><br>TVH shall have the right to use the name To Kalon if<br>1. The name To Kalon is descriptive of geographic origin, and<br>2. TVH used the name To Kalon fairly and in good faith only to describe the goods or their geographic origin.<br><br><u>Authority</u>: 15 U.S.C. § 1115(b)(4).<br><br>II. **Cancellation (Fraud).**<br><br>Constellation's TO KALON and TO KALON VINEYARD trademarks should be cancelled if<br>1. Constellation's predecessor-in-interest Robert Mondavi Winery ("RMW") misrepresented a material fact to the United States Patent & Trademark Office ("USPTO") in the trademark application process, and<br>2. RMW knew that such misrepresentations were false when it made them, and<br>3. RMW made such misrepresentations intending to induce the USPTO to reasonably rely on them, and<br>4. The USPTO reasonably relied on RMW's misrepresentations.<br><br><u>Authority</u>: 15 U.S.C. § 1115(b)(1); *OTR Wheel Engineering v. West WW Srvs.*, 897 F. 3d 1008, 1020 (9th Cir. 2020). |
| **Additional & Affirmative Defense(s)** | *See* Constellation's Affirmative Defenses to TVH's First Claim for Relief. |
| **Disagreement(s)** | |
| **TVH's Third Claim for Relief — False Advertising (California State Law)** ||
| **Claim(s)** | TVH asserts that Constellation's use of the TO KALON and TO KALON VINEYARD marks constitutes false advertising under California law, California Business & Professions Code § 17500 *et seq.* |

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

| | | |
|---|---|---|
| **Element(s)** | Constellation shall be liable under California Business & Professions Code § 17500 *et seq.* if | |
| | 1. Constellation made a false or misleading statement in connection with the sale of wine products, and
2. Constellation knew, or should have known, that the statement was false or misleading, and
3. TVH has suffered injury in fact and has lost money or property as a result of the false advertising. | |
| | Authority: Cal. Bus. & Prof. Code § 17500; Cal. Bus. & Prof. Code § 17535 (standing); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (standing requirements); *Wong v. Tomaszewski*, No. 2:18-cv-00039, 2018 WL 4628269, at *7 (E.D. Cal. Sep. 27, 2018) (finding unfair competition where "(1) the defendant intentionally or negligently disseminated an untrue or misleading statement with an intent to dispose of goods or services: (2) the statement was made in California and disseminated to the public in any state; and (3) the statement deceived and harmed the plaintiff."). | |
| **Additional & Affirmative Defense(s)** | *See* Constellation's Affirmative Defenses to TVH's First Claim for Relief. | |
| **Disagreement(s)** | | |
| **TVH's Fourth Claim for Relief — Unfair Competition (California State Law)** | | |
| **Claim(s)** | TVH asserts that Constellation's use of the TO KALON and TO KALON VINEYARD marks constitutes unfair competition under California law, California Business & Professions Code § 17200 *et seq.* | |
| **Element(s)** | Constellation shall be liable under California Business & Professions Code § 17200 *et seq.* if Constellation committed: | |
| | 1. an unlawful business practice, or
2. a fraudulent business practice, or
3. an unfair business practice, or
4. an act prohibited by Bus & Prof. Code 17500 *et seq.*, and
5. TVH has suffered injury in fact and has lost money or property as a result of the unfair competition. | |
| | Authority:  Cal. Bus. & Prof. Code § 17200; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009); *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994) (explaining what "unlawful" and "fraudulent" business practices are); *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1267 (1992) (explaining what "fraudulent" business practice is); *Wolfe v. State Farm Fire & Cas. Ins. Co.*, 46 Cal. App. 4th 554, 561 (1996); Cal. Bus. & Prof. Code § 17204 (standing requirements); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (same); *Celebrity Chefs Tour, LLC v. Macy's Inc.*, 16 F. Supp. 3d 1159, 1166 (S.D. Cal. 2014) (connection to Lanham Act claims); *Yelp Inc. v. Catron*, 2014 WL 966706, *10 (N.D. Cal., Oct. 1, 2014). | |

**JOINT STATEMENT OF THE CLAIMS AND DEFENSES TO BE RAISED AT TRIAL**
BN 39675995v1

| | |
|---|---|
| **Additional & Affirmative Defense(s)** | *See* Constellation's Affirmative Defenses to TVH's First Claim for Relief. |
| **Disagreement(s)** | |

| | |
|---|---|
| **CONSTELLATION'S CLAIMS FOR RELIEF, NO. 3:20-CV-00238, D.I. 1** ||
| **Constellation's First Claim for Relief —Trademark Infringement (Federal)** ||
| **Claim(s)** | Constellation asserts that TVH's use of the name To Kalon constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114. |
| **Element(s)** | TVH shall be liable for infringement under 15 U.S.C. § 1114 for using the To Kalon marks if: <br><br> 1. Constellation owns a valid, protectable trademark, and <br> 2. TVH used the name To Kalon on wine products without Constellation's consent, and <br> 3. Such use was in a manner likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of such wine. <br><br> To show a likelihood of confusion on a trademark infringement claim, the trademark owner must establish that (1) it has a protected ownership interest in the subject mark, and (2) the accused infringer's use of a similar mark is likely to cause consumer confusion, thereby infringing Constellation's rights. <br><br> Authority: *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Dep't of Parks & Rec. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006); *E & G Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992). <br><br> When assessing confusion, courts in the Ninth Circuit generally use the eight "*Sleekcraft* factors" to guide their analysis, looking at (1) the similarity of the marks; (2) the relatedness of the goods; (3) the marketing channels used; (4) the strength of the senior mark; (5) the degree of care likely to be exercised by purchasers; (6) the defendant's intent in selecting its mark; (7) any evidence of actual confusion; and (8) the likelihood the parties will expand their product lines. <br><br> Authority: *E & G Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992). The factors are not exhaustive, some are more important than others, and not all are necessarily relevant in each case. *See E & G Gallo*, 967 F.2d at 1290; *cf. also GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1209 (9th Cir. 2000) ("[w]e have previously emphasized the minimal importance of the intent factor"); *Brookfield Comm., Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1060 (9th Cir. 1999) ("an intent to confuse customers is not required"). |

| | |
|---|---|
| **Additional & Affirmative Defense(s)** | TVH denies the factual allegations underlying Constellation's First Claim for Relief and asserts the following affirmative defenses:<br><br>1. TVH shall have no liability for using the name To Kalon under 15 U.S.C. § 1115(b)(4) if:<br>   a. TVH uses the name other than as a trademark,<br>   b. The name To Kalon is descriptive of geographic origin, and<br>   c. TVH used the name To Kalon fairly and in good faith only to describe the goods or their geographic origin.<br><br>   Authority: 15 U.S.C. § 1115(b).<br><br>2. TVH shall have no liability for trademark infringement, and Constellation's TO KALON and TO KALON VINEYARD trademark registrations are subject to cancellation if:<br>   a. Constellation's predecessor-in-interest Robert Mondavi Winery ("RMW") misrepresented a material fact to the USPTO in the trademark application process, and<br>   b. RMW knew that these representations were false when it made them, and<br>   c. RMW made such misrepresentations intending to induce the USPTO to reasonably rely on them, and<br>   d. The USPTO reasonably relied on RMW's misrepresentations.<br><br>   Authority: 15 U.S.C. § 1115(b)(1); *Intellimedia Sports, Inc. v. Intellimedia Corp.*, 43 U.S.P.Q.2D (BNA) 1203, 1206 (Trademark Trial & App. Bd. May 20, 1997) (fraud on the USPTO as basis for cancellation of registered mark); *see, Int'l House of Pancakes v. Elca, Corp.*, 1982 TTAB LEXIS 17, *9 (Trademark Trial & App. Bd. November 30, 1982) (same).<br><br>3. TVH shall have no liability for infringement of Constellation's "To Kalon" marks if Constellation has unclean hands, in that it has misrepresented the origin, nature, characteristics, qualities, or geographic origins of its goods by selling wine labeled "To Kalon" that is not at least 95 percent sourced from the "Home Place" and "Lewelling Place" parcels.<br><br>   Authority: 15 U.S.C. § 1125(a).<br><br>4. TVH shall have no liability for using the name To Kalon if:<br>   a. Constellation licensed the use of the TO KALON AND TO KALON VINEYARD trademarks and |

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

| | |
|---|---|
| | b. Constellation failed to adequately control the quality of goods produced by its licensees and sub-licensees.<br><br>Authority: *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595-96 (9th Cir. 2002). |
| **Disagreement(s)** | 1. Constellation asserts that TVH may not raise the defense of abandonment of the marks through "uncontrolled licensing" because that claim was not pled in the original case and it is inappropriately raised for the first time now.<br><br>TVH asserts that abandonment was not raised in the original case because the license agreement between Constellation and Beckstoffer Vineyards was not produced until December 11, 2019, and abandonment is properly pleaded as an affirmative defense in response to Constellation's claim of infringement.<br><br>2. CB asserts that TVH's third affirmative defense cannot serve as a defense to infringement. *See* Disagreement(s) to TVH's First Claim for Relief (above). |
| **Constellation's Second Claim for Relief —Unfair Competition (Federal)** ||
| **Claims(s)** | Constellation asserts that TVH's use of the name To Kalon constitutes unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). |
| **Element(s)** | TVH shall be liable for unfair competition under 15 U.S.C. § 1125(a) for using Constellation's "To Kalon" trademarks if:<br><br>1. TVH, "on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact[,]" and<br>2. TVH's use of such mark "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with" Constellation "as to the origin, sponsorship, or approval of [TVH's], services, or commercial activities by" Constellation.<br><br>Authority: 15 U.S.C. § 1125(a) |
| **Additional & Affirmative Defense(s)** | *See* TVH's Affirmative Defenses to Constellation's First Claim for Relief. |
| **Disagreement(s)** | |
| **Constellation's Third Claim for Relief —False Advertising (Federal)** ||
| **Claim(s)** | Constellation asserts that TVH's use in advertising, social media, press releases and on labels of its products of the name To Kalon to describe its wine, or its vineyard or the origin of its grapes, constitute false advertising |

| | |
|---|---|
| | and designation of origin under the Lanham Act, 15 U.S.C. § 1125(a). |
| **Element(s)** | TVH shall be liable for false advertising and false designation of origin under 15 U.S.C. § 1125(a) if<br><br>1. TVH used in commerce (i) a name, or (ii) any false designation of origin, false or misleading description of fact, or (iii) a false or misleading representation that<br>2. Is likely to cause confusion, mistake, or deceive as to the origin, sponsorship, or approval of goods; or<br>3. In commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of goods, and<br>4. Constellation believes that it is likely to be damaged by such act.<br><br>Authority: 15 U.S.C. § 1125(a); *see also Alfasigma USA, Inc. v. First Databank, Inc*. |
| **Additional & Affirmative Defense(s)** | *See* TVH's Affirmative Defenses to Constellation's First Claim for Relief. |
| **Disagreement(s)** | |
| **Constellation's Fourth Claim for Relief — Trademark Infringement (California Common Law)** ||
| **Claim(s)** | Constellation asserts that TVH's use of the name To Kalon constitutes trademark infringement under California common law. |
| **Element(s)** | TVH shall be liable for infringement under California common law if:<br><br>1. Constellation made prior use of the TO KALON or TO KALON VINEYARD trademarks, and<br>2. There is a likelihood that TVH's uses of the name To Kalon will be confused with Constellation's use of those marks.<br><br>Authority: *Wood v. Apodaca*, 375 F. Supp. 2d 942, 947-48 (N.D. Cal. 2005). |
| **Additional & Affirmative Defense(s)** | *See* TVH's Affirmative Defenses to Constellation's First Claim for Relief. |
| **Disagreement(s)** | |
| **Constellation's Fifth Claim for Relief — Unfair Competition (California Common Law)** ||
| **Claim(s)** | Constellation asserts that TVH's use of the name To Kalon constitutes unfair competition under California common law. |
| **Element(s)** | TVH shall be liable for unfair competition under California common law if:<br><br>1. TVH wrongly exploited CBUSO's TO KALON and/or TO KALON VINEYARD trademarks, and/or reputation, and<br>2. Constellation suffered a "competitive injury" as a result of TVH's conduct. |

**JOINT STATEMENT OF THE CLAIMS AND DEFENSES TO BE RAISED AT TRIAL**

BN 39675995v1

| | |
|---|---|
| | Authority: *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000)("Claims for false designation of origin under the Lanham Act and unfair competition under California common law both share a single test: likelihood of confusion."); *Microsoft Corp. v. Buy More, Inc.*, No. 15-56544, 703 Fed. Appx. 476, 480 (9th Cir. June 27, 2017)("The analysis for these claims is therefore identical to the analysis for [the trademark owner's] trademark infringement claim.")(internal citations omitted); *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1032 (C.D. Cal. 2011). |
| **Additional & Affirmative Defense(s)** | *See* TVH's Affirmative Defenses to Constellation's First Claim for Relief. |
| **Disagreement(s)** | |
| **Constellation's Sixth Claim for Relief — Unfair Competition (California State Law)** ||
| **Claim(s)** | Constellation asserts that TVH's use of the name To Kalon constitutes unfair competition under California state law. |
| **Element(s)** | TVH shall be liable under California Business & Professions Code § 17200 *et seq.* if TVH committed:<br>1. an unlawful business practice, or<br>2. a fraudulent business practice, or<br>3. an unfair business practice, or<br>4. an act prohibited by Bus & Prof. Code 17500 *et seq.*, and<br>5. Constellation has suffered injury in fact and has lost money or property as a result of the unfair competition.<br><br>Authority:  Cal. Bus. & Prof. Code § 17200; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009); *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994) (explaining what "unlawful" and "fraudulent" business practices are); *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1267 (1992) (explaining what "fraudulent" business practice is); *Wolfe v. State Farm Fire & Cas. Ins. Co.*, 46 Cal. App. 4th 554, 561 (1996); Cal. Bus. & Prof. Code § 17204 (standing requirements); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (same); *Celebrity Chefs Tour, LLC v. Macy's Inc.*, 16 F. Supp. 3d 1159, 1166 (S.D. Cal. 2014) (connection to Lanham Act claims); *Yelp Inc. v. Catron*, 2014 WL 966706, *10 (N.D. Cal., Oct. 1, 2014). |
| **Additional & Affirmative Defense(s)** | *See* TVH's Affirmative Defenses to Constellation's First Claim for Relief. |
| **Disagreement(s)** | |

DATED:  March 2, 2020

| On Behalf of The Vineyard House, LLC | On Behalf of Constellation Brands U.S. Operations, Inc. |
|---|---|
| BUCHALTER, A PROFESSIONAL CORPORATION | HUNTON ANDREWS KURTH LLP |
| By: /s/Jeffrey M. Judd<br>GLENN ZWANG<br>JEFFREY M. JUDD<br>PETER BALES<br>DANIEL ZARCHY<br>BUCHALTER, A PROFESSIONAL CORPORATION<br>55 Second Street, Suite 1700<br>San Francisca, CA 94105<br>Telephone: 415.227.0900<br>Facsimile: 415.227.0770 | By:/s/Timothy J. Carlstedt<br>TIMOTHY J. CARLSTEDT<br>HUNTON ANDREWS KURTH LLP<br>50 California Street, Suite 1700<br>San Francisco, California 94111<br>Telephone: 415 • 975 • 3700<br>Facsimile: 415 • 975 • 3701<br><br>EDWARD T. COLBERT<br>WILLIAM M. MERONE<br>HUNTON ANDREWS KURTH LLP<br>2200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037<br>Tel.: (202) 955-1500<br>Fax: (202) 778-2201 |

JOINT STATEMENT OF THE CLAIMS AND DEFENSES TO BE RAISED AT TRIAL
BN 39675995v1

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing **JOINT STATEMENT OF THE CLAIMS AND DEFENESES TO BE RAISED AT TRIAL** was filed and therefore served electronically via the CM/ECF system on March 2, 2020 to the below counsel of record: