# Buchalter

55 Second Street
Suite 1700
San Francisco, CA  94105
415.227.0900 Phone
415.227.0770 Fax

March 17, 2020

415.227.3548 Direct
jjudd@buchalter.com

Honorable Yvonne Gonzalez Rogers
United States District Judge
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

      Re:    Corrected Letter Reply – *The Vineyard House, LLC v. Constellation Brands U.S. Operations, Inc*. (4:19-cv-1424-YGR)

Dear Judge Rogers,

      The Vineyard House ("TVH") respectfully submits this short reply to the 3/12/2020 joint discovery letter, Doc. # 104. TVH did not delay the filing of the joint discovery letter to allow the back-and-forth that would have resulted from drafting a response to the arguments that Constellation Brands U.S. Operations, Inc. (CBUSO) raised in response to TVH's statement. Rather, we intended to respond during the telephone conference that typically followed the submission of a joint letter. TVH did not fully appreciate how the Court's 3/12/2020 Order Suspending In-Person Appearances in Response to Coronavirus (COVID-19) changed the Court's expedited discovery dispute process. We understand the Court may disregard this filing.

      1.    <u>TVH Discovery Related to Abandonment by Naked Licensing</u>. First, CBUSO argues that TVH waived its abandonment-by-naked-license claim by failing to raise it as a declaratory relief action in the original complaint. Due process requires, at a minimum, a noticed motion and opportunity to be heard when a substantive right – in this case, the ability to state an affirmative defense – is involved. TVH fully disclosed in the Joint Rule 26(F) Report that it was raising the naked license issue, and CBUSO has had ample opportunity to challenge that defense by motion to dismiss or otherwise. In the same Rule 26(F) report that TVH discussed the naked license issue at length, CBUSO informed the Court that it would not be bringing any substantive motions.

      Second, the cases Constellation cites are inapposite to this situation.  In both cases, a party sought to bring a claim well after the initial cases had concluded: a clear waste of judicial

buchalter.com

Los Angeles
Napa Valley
Orange County
Sacramento
San Francisco
Scottsdale
Seattle

BN 39918080v3

# Buchalter

Honorable Yvonne Gonzalez Rogers
March 17, 2020
Page 2

resources.  *See, Mitchell v. CB Richard Ellis Long Term Disability Plan*, 2010 U.S. App. LEXIS 27786 at *21 (9th Cir. July 26, 2010) (party cannot raise compulsory counterclaim for the first time on appeal); *Vitaline Corp. v. Gen. Mills., Inc.*, 891 F.2d 273, 275 (Fed. Cir. 1989) (claim preclusion bars claim on new legal theory if based on same nucleus of operative facts as fully adjudicated claim).  The court in *Mitchell* also stressed the importance of preventing "multiplicity of litigation" and "to promptly bring about resolution of disputes before the court." *Mitchell*, 2010 U.S. App. LEXIS 27786 at *21.  The principles set forth in those cases do not apply to this matter, where trial has not yet occurred.

Finally, it makes little sense as a practical matter to delay this case to adjudicate this issue before trial. The burden associated with focused naked license discovery is incremental. The Court should allow TVH to proceed with its focused naked license discovery and decide the issue on its merits. CBUSO can argue waiver on appeal of an adverse judgment.

2. <u>CB Discovery of TVH Financial Information</u>. At the inception of its infringement action, CBUSO expressly waived its jury demand, *see* Doc. 3, and excluded from the Complaint any prayer for damages, *see* Doc. 1 (at pp. 21-22), with the apparent intention to prevent TVH from requesting a jury trial. Although CBUSO is seeking "an order in equity for the disgorgement of profits," such disgorgement would relate only to the allegedly infringing activity alleged in the Complaint. The infringing activity CBUSO alleges is set forth on pages 7 through 12. All such alleged activity pertains to the use of the name "To-Kalon" on the so-called "Infringing Products," "namely TVH's 2015 Cabernet Sauvignon (Block 8) and 2015 Cabernet Franc (Block 5)." Complaint, Par. 49 (at p. 10, ll. 18-19). Given that CBUSO's claim for disgorgement pertains only to profits earned from sale of the "Infringing Products," CBUSO's insistence that it has the right to discovery into TVH's financial records, without limitation by product or time, exceeds the allowable scope of discovery, and should be rejected.

3. <u>CB Discovery of TVH Customer List</u>.  CBUSO seeks to obtain TVH's roster of its wine club members – TVH's customer list. TVH's customer list is a highly valuable trade secret, and CBUSO's implicit threat to contact TVH's customers is a blatant attempt to interfere with, if not destroy, TVH's business. CBUSO has provided no plausible explanation of the relevancy of this demand. CBUSO claims that TVH's customer list will somehow shed light on TVH's marketing channels, but CBUSO has not explained, and it is not apparent, how learning the identify of TVH's customers has any relation to marketing channels. Moreover, TVH has produced to CBUSO the marketing communications to wine club members, which is directly probative of how TVH uses its wine club marketing channel. CBUSO's demand for TVH's

Buchalter

Honorable Yvonne Gonzalez Rogers
March 17, 2020
Page 3

customer list is highly intrusive, with little – if any – potential probative value. The demand for TVH's customer list thus exceeds the allowable scope of discovery, and should be rejected.

        Very truly yours,

        BUCHALTER,
        A Professional Corporation

        /s Jeffrey Judd
        Jeffrey Judd