EXHIBIT D

Timothy J. Carlstedt (SBN 168855) (tcarlstedt@huntonak.com)
HUNTON ANDREWS KURTH LLP
50 California Street, Suite 1700
San Francisco, CA 94111
Tel.: (415) 975-3700
Fax: (415) 975-3701

Edward T. Colbert (ecolbert@huntonak.com)
Erik C. Kane (*Pro Hac Vice*) (ekane@huntonak.com)
William M. Merone (*Pro Hac Vice* pending) (wmerone@huntonak.com)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Tel.: (202) 955-1500
Fax: (202) 778-2201

*Counsel for Constellation Brands U.S. Operations, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE VINEYARD HOUSE, LLC, a California limited liability company, <br><br> *Plaintiff*, <br><br> v. <br><br> CONSTELLATION BRANDS U.S. OPERATIONS, INC., a New York corporation, <br><br> *Defendants*. | Case No.: 4:19-cv-1424-YGR <br><br> **STATEMENT OF REBUTTAL PERCIPIENT EXPERT MARK DE VERE** |

I have reviewed the Reports of Doug Frost and of Michael Weis, submitted by Plaintiff The Vineyard House in the matter of T*he Vineyard House v. Constellation Brands US Operations*, No. 4:19-cv-1424-YGR (N.D. Cal 2019), and I am prepared to testify in this matter with respect to the matters contained in those reports.

I.  **Expert Report of Doug Frost**

   A.  **Opinion #1**

Mr. Frost opines that among persons engaged in the wine industry (as opposed to among the general population or even among the wine purchasing public), the term TO KALON is generally understood "as being a specific geographic location in the Oakville AVA…." He further opines that the alleged specific location has a long history of wine making and grape cultivation. While I cannot determine from the report just what Mr. Frost means by either "generally understood" or by a "specific geographic location," the implications of this summary opinion are misleading and inaccurate.

It is accurate to say that professionals in the wine business are aware of the term TO KALON, and that they are aware that it is used exclusively on wines made by Robert Mondavi Winery directly or on wines which are made under license from and governed by Constellation Brands (the owner of Robert Mondavi Winery). Robert Mondavi named his operations and the vineyard on which his facility sits TO KALON in the mid to late 1980s to identify his operations on that site. However, the recognition attaches to the fact that Robert Mondavi Winery owns and operates the vineyard and applies the name to its products or those of its licensee. The acreage on which the Robert Mondavi's To Kalon vineyard operates is approximately 550 acres of contiguous land, acquired at different times from different land owners. Some of that land was owned by persons who at one time used the same trademark (To-Kalon) to identify products sold by such persons (like wine, port, spirits

and the like) or as the name of the company that owned some land in Napa Valley. Among those persons were H.W. Crabb (who called his vineyard Hermosa Vineyard until 1886, when he first adopted the name To-Kalon Wine Company for his operations). Others included the Churchills. I am unaware of any map during the 19th Century which applied the name TO KALON to any land. That is, use of that name can and did change, as did ownership change. Vineyard operations or company ownership of the land ranged from just over 100 acres to nearly 2000 acres, as the ownership of land or of companies changed. Even into the 20th Century that same pattern holds true. Land owned by Mr. Crabb's To-Kalon Wine Company, when sold to another, adjacent winery (e.g., Beaulieu Vineyards) was designated BV-04 for nearly fifty years and was not called To Kalon by that famous winery.

Perhaps the best-known example of this difference between brand and land can be seen in the more recent resurrection of two other 19th Century wineries: Inglenook and Far Niente. Inglenook was founded by famed pioneer Gustave Neibaum, a contemporary of H.W. Crabb. The INGLENOOK trademark was a well-known and nationally distributed wine brand used by Mr. Neibaum. In and around 1964, the brand was sold off by the owners of INGLENOOK and so, when Francis Ford Coppola purchased the Neibaum Estate, including what was at one time called "Inglenook" by Mr. Neibaum, he could not use the "INGLENOOK" trademark on his wines, even as a vineyard designation.[1,2,3] In the case of FAR NIENTE, that was founded by John Benson, and passed out of use until Gil Nickel purchased the winery and resurrected the

---

[1] Exhibit A, Filewrapper for US Trademark, Registration No. 599456 (INGLENOOK), December 14, 1954, available at http://tsdr.uspto.gov/#caseNumber=%2071658614&caseType=SERIAL_NO&searchType=statusSearch (accessed Jan. 7, 2020).
[2] Exhibit B, "History," Inglenook, available at https://www.inglenook.com/story/history (accessed Jan. 7, 2020).
[3] Exhibit C, L. Pierce Carson, *Coppola reunites Inglenook trademark with historic Rutherford wine estate*, Napa Valley Register (Apr. 14, 2011), available at https://napavalleyregister.com/news/local/coppola-reunites-inglenook-trademark-with-historic-rutherford-wine-estate/article_4b7846aa-66ee-11e0-a8ff-001cc4c03286.html (accessed Jan. 7, 2020).

name.[4]  The current Far Niente is almost completely surrounded by Robert Mondavi Winery's To Kalon vineyard, but Far Niente is not and cannot designate itself TO KALON, any more than Robert Mondavi Winery can use FAR NIENTE in its business.

Until Mr. Mondavi picked that name for his operations and promoted it through diligent marketing, publications and distribution of wines under that trademark, the name was virtually unknown, even among persons engaged in the business of wine.  The reference may be identified geographically solely by virtue of ownership of the vineyards to which the brand applies, and not for any other reason.  The known geographic region designations which would apply to the Robert Mondavi Winery To Kalon Vineyard are OAKVILLE, NAPA VALLEY, or NORTH COAST, which are AVAs, or NAPA COUNTY and CALIFORNIA, which are appellations.

In his report, Frost also states that "initial point – that To Kalon generates significant discussion – is demonstrated by using 'To Kalon' as an internet search term and comparing the number of hits with the number of hits obtained by using search terms of other well-known areas and vineyards within Napa Valley."  This demonstration, however, is flawed.  First, Frost's searches for "Carneros AVA" and "Stags Leap AVA" are made narrow and specific to the wine industry by the inclusion and specific juxtaposition of the term "AVA" (a wine industry term).  In contrast, the search for "To Kalon" is presented as just two words without context, and one of them is the word "to," an extremely common word in the English and other languages.

B.    Opinion #2

Frost states that "for over 30 years that I am aware of, TO KALON has referred to as "an area within Napa Valley that generates significant discussion in the wine industry…."  I would not disagree that the knowledge of TO KALON and the discussions about TO KALON are all

---

[4] Exhibit D, "Wine History," Far Niente, available at https://farniente.com/napa-wine-estate/winery-history/ (accessed Jan. 7, 2020).

within the last 30 years (33 this year), as it was exclusively Robert Mondavi Winery, which includes its licensee, that used the name for its wines and its vineyard operations. There was likely almost no one who knew about the H.W. Crabb historic use until Mr. Mondavi resurrected the name and began to promote it as his brand. I also agree that the Robert Mondavi Winery produces some of the "…best grapes and wines in California…." Robert Mondavi Winery has actively worked to build the value of its TO KALON trademark. As any brand owner would do, Robert Mondavi Winery has worked diligently to let the wine industry and consumers know that its product is amongst the best in the industry.

Further, the grape production is a highly managed and closely monitored operation to which many factors contribute. The making of wine is even more subject to human intervention with the wine maker being a dominant influence. For this reason, competition for top wine makers exists, and two different wine makers could and often do create wines with different profiles even if taking grapes from the same appellation, AVA or vineyard. I disagree with suggestion that TO KALON refers to a specific area within Napa Valley other than as an area of land operated or managed by Robert Mondavi Winery. The vineyard operations and the wine making materials used at the Robert Mondavi Winery and the wine made from those materials varies even within Robert Mondavi Winery's own operations, depending as it does on year, seasonality, vine age and numerous other factors not known until harvest.

C.   Opinion #3

Mr. Frost opines that the ability to use the name "TO KALON" is valuable to a winery or wine maker. This is absolutely true. The name TO KALON has gathered enormous goodwill and recognition among consumers exclusively through the efforts of and use by Robert Mondavi Winery, which includes its licensee, for the last 32+ years. It is no doubt for this reason that Plaintiff in this action seeks to use Robert Mondavi Winery's brand and confuse consumers, as

well as the trade. It would elevate the reputation of Plaintiff's wines immediately, while eroding and possibly destroying the value of Robert Mondavi Winery's brand. However, Mr. Frost's opinion applies equally to unauthorized uses of any wine brand of note, such as FAR NIENTE, GROTH, STAGLIN FAMILY, and INGLENOOK, the use of any of which would be of great value to a wine maker.

Use of specific vineyard names is common among wine producers, particularly as it relates to high end, or luxury, wines. As a result of the wine making skill of the owners of these name/marks, specific sub-brands of wine have come to be well known and enjoy great acceptance by the wine consuming public and therefore among some of the most valuable property rights of the operators of those facilities. There is no vineyard registry provided for in the United States and so the sole means of protecting the valuable trademarks used by wine makers to identify their vineyards and products is trademark protection. For example, a search of the U.S. Patent and Trademark Office records reveals many, many registrations that include the word VINEYARD for use in connection with "wine," including MARTHA'S VINEYARD, JOHN C. SULLENGER VINEYARD, and FAY VINEYARD.[5] These are among some of the best known and most widely recognized single vineyard trademarks for California wines.

Robert Mondavi registered TO-KALON over 30 years ago and has been the sole person entitled to use or license that mark for wines or for single vineyard designations. To this day only wines made by Robert Mondavi Winery directly, or by a person under license from and governed by Constellation Brands (the owner of Robert Mondavi Winery), have used TO KALON in connection with wines.

### D.    Opinion #4

Mr. Frost opines similarly that "To Kalon" has been associated with "ultra-premium and

---

[5] Exhibit E (trademark search results), Exhibit F (exemplary "VINEYARD" trademark registrations and specimens).

luxury premium wines." I agree that wines made by Robert Mondavi Winery or under license from Robert Mondavi Winery are all considered premium or luxury wines. There are no other wines sold under the TO KALON brand, but Robert Mondavi Winery made wines or Robert Mondavi Winery licensed wines. All of that goodwill – goodwill which the Plaintiff wants to usurp for itself – attaches to Robert Mondavi Winery and its operations. It was Robert Mondavi, a pioneer of the California wine industry and considered the visionary who put California Cabernet Sauvignon wines "on the map," who created that association of TO KALON with great wines. And the reason that TO KALON only appears on "ultra-premium and luxury wines" is not by accident, but rather because Constellation Brands (the owner of Robert Mondavi Winery) only uses TO KALON on luxury wines and has diligently managed and licensed the TO KALON trademark so it only appears on high-end wines.

### E. Opinion #5

Mr. Frost here opines on the TTB rules and regulations and purports to apply them to his opinion. I agree that when a specific vineyard designation is used, at least 95% of the primary wine making materials must come from that "vineyard." However, it is up to the winery to determine what it calls its vineyard, and it is not connected to any regulatory determined "area" or "land." Moreover, the vineyard does not have to be owned by the wine maker in order for that wine maker to use materials in its wine and to consider it as part of the 95%. There is no "area" called TO KALON.

### F. Opinion #6

Mr. Frost states that he is aware of the use of TO KALON by at least 17 wineries that "market wines as originating from To Kalon." I do not see any specific listing in Mr. Frost's report, but I am specifically aware that there are two categories: a number of small, highly regarded wineries operating under license from Robert Mondavi Winery, through Robert

Mondavi Winery's licensee Beckstoffer; and, in recent years, Schrader Cellars, which is wholly owned by the parent corporation of Constellation Brands. Each licensee or sublicensee is strictly limited as to quality and volumes permitted under the license, which uses are monitored by Constellation Brands for compliance.

## II. Expert Report of Michael Weis

### A. Opinion #1

In his report, Mr. Weis states that "To Kalon is generally understood within the wine industry [to]… refer to a specific geographic location in the Oakville AVA." There is no "geographic location" called TO KALON. As explained at length above, any understanding of the name To Kalon in the wine industry is due to Robert Mondavi Winery's building awareness within the wine industry of its vineyard and its trademarked name. Robert Mondavi Winery, which includes its licensee, has deliberately and actively built awareness of its brand and has associated that brand with Robert Mondavi Winery's vineyard.

### B. Opinion #2

Mr. Weis states that "the name 'To Kalon' to mean that the wine came from grapes grown on the lands formerly owned and operated by the To Kalon Vineyard Company." As stated above, any understanding of the name To Kalon in the wine industry is due to Robert Mondavi Winery's, which includes its licensee, telling the story behind Robert Mondavi Winery's TO KALON brand. Robert Mondavi Winery started using the name TO-KALON (and later TO KALON) on its wines in the 1980s, and the name TO KALON was not generally known within the industry prior to that point.

### C. Opinion #3

I agree with Mr. Weis that TO KALON wines made by Robert Mondavi Winery or under license from Robert Mondavi Winery are all considered premium or luxury wines. However, as

explained above, there are no other wines sold under the TO KALON brand, but those made by Robert Mondavi Winery or under license from Robert Mondavi Winery, which is why the name TO KALON is associated with premium or luxury wines.

### D. Opinion #4

Mr. Weis alleges that TO KALON has only achieved fame and relevance only based on Crabb's and Churchill's use of that name (well over 60 years ago).  This is inaccurate.  Until Robert Mondavi Winery began promoting its TO KALON vineyard and trademark, the public was generally unaware of the TO-KALON name used by Crabb and Churchill.  The current reputation of the TO KALON name is the direct result of Robert Mondavi Winery's and its licensee's use of that trademark, which, for the past 30 years, has been used in connection with the high-quality wines.

### E. Opinion #5

Mr. Weis states that wine sold under the TO KALON name command a premium price because of the high-quality nature of the wine.  The reason it commands such a price is, because Robert Mondavi Winery's vineyard operations, and the wine making materials used at the Robert Mondavi Winery, and by its closely controlled licensee, are of the highest quality.  These strictly innovative, strictly controlled, and expertly crafted wines created an extraordinary reputation for the TO KALON brand and is the reason such wine can command a high price.

### F. Opinion #6

Mr. Weis states that "'To Kalon' designation are able to command a premium price as compared with similar Constellation Brand wines (*i.e.*, same winemaker, same vintage, and same varietal) marketed without the 'To Kalon' designation."  As stated previously, the reason TO KALON wine commands such a price is, because Robert Mondavi Winery, which includes its licensee, has actively worked to build the value of its TO KALON trademark.  Beyond the

reputation that Robert Mondavi Winery has built in its TO KALON brand, the price of its TO KALON wines are the result of a variety of factors, including, different profiles, different reputations, and different consumer appeal.

Respectfully submitted this 8th day of January 2020,

Mark de Vere