# Buchalter

55 Second Street
Suite 1700
San Francisco, CA  94105
415.227.0900 Phone
415.227.0770 Fax

File Number: N5804-0134
628.230.7957.remote Direct
jjudd@buchalter.com

August 28, 2020

Hon. Yvonne Gonzalez Rogers
United States District Court
N.D. California -- Oakland Division

    Re:    Pretrial Conference Statement of The Vineyard House re: Trial Date for *The Vineyard House v. Constellation Brands U.S. Operations, Inc.* (N.D. Cal. Case No. 4:19-cv-1424-YGR)

To The Court:

    For over a week, The Vineyard House, plaintiff in the above-referenced action (TVH), attempted unsuccessfully to engage defendant, Constellation Brands U.S. Operations, Inc. (CBUSO) in a discussion about the trial commencement date. During the Court Zoom conference on August 19, 2020, the Court advised that trial would be set for October 2020, that the Court was unavailable on October 22 and 23, 2020, and that it was otherwise available to preside over 7 trial days in October. The Court provisionally set October 5 as the first day of trial, and directed the parties to determine the availability of witnesses and to meet and confer about deadlines for remaining pre-trial submissions.

    Toward the conclusion of the August 19 conference, the undersigned was reminded that the family of Peter Bales, one of TVH's trial lawyers, is expecting that their son will be born on October 1, 2020. As a result, I requested that trial start later in October, to allow Peter to help during the initial two weeks after their son is brought home. Immediately after the August 19 Court conference concluded, I wrote to Ed Colbert, CBUSO's lead trial lawyer, as follows:

> I had completely forgotten about the due date for Peter's baby. Would Constellation be willing for trial to be: 10/19, 10/20, 10/21, 10/26, 10/27, 10/28, and 10/29? That way Peter can help out for 10-12 days at home after the baby arrives. If that is acceptable, we would propose submitting our supplemental Exhibits list on 9/21 and Proposed Findings of Fact & Conclusions of Law on 10/5. Please advise. Thank you

buchalter.com

Los Angeles
Napa Valley
Orange County
Portland
Sacramento
San Diego
San Francisco
Scottsdale
Seattle

# Buchalter

Hon. Yvonne Gonzalez Rogers
August 28, 2020
Page 2

On Tuesday, August 25, 2020, I received an email from Erik Kane, which stated:

> We have confirmed availability of our witnesses for the Judge's proposed trial date of October 5. There may be some shuffling required as all of our experts have conflicts October 13-14, but they all are available the first week (one expert only has availability the first three days of trial). Some witnesses have conflicts unfortunately in the later dates you proposed in October, so we will need to keep the Court's suggested October 5 date.

On Wednesday, August 26, 2020, I responded to Mr. Kane's email, as follows:

> I tried to send the below email to you yesterday morning, but it appears to have gotten hung up in my Outbox. You may still receive it i[n] due course. [¶] In any event, please provide the specific details regarding the conflicts you allude to over the period 10/19-21 and 10/26-29, so that we can see if it is possible with TVH's cooperation to resolve the conflict. As you know, Peter Bales' wife is due to deliver their son on October 1, and I would hate to see the trial interfere with Peter's ability to be with his family during the extremely difficult 2 weeks immediately after you bring a new baby home. [¶] I did not understand the court to be set on 10/5, and we will push hard to try and maximize the time Peter has to spend with his family immediately after the baby has arrived. Please advise. Thank you.

Mr. Kane responded Thursday, August 27, 2020, as follows:

> We have a few conflicts with the later timeframe proposed. First, Mr. Cissel is testifying in another trial then and indicated he would be completely unavailable from mid-October until the end of the month. Dr. Reibstein has teaching obligations that he cannot move during that timeframe except for the very first two days of trial. In addition, Ms. Cadamatre will be crushing grapes and making the wines (depending on the grape involved in the early/late harvests) and it would be very disruptive to pull the chief winemaker away during this period. Moreover, Ms. Baron has a number of high level meetings and the constant shifting of the trial date is very disruptive to the executives involved. Finally, most of our trial team has preexisting scheduling conflicts. We have an oral argument in the Second Circuit as well as a non-extensible

# Buchalter

Hon. Yvonne Gonzalez Rogers
August 28, 2020
Page 3

> arbitration that will require briefing during that period and will be going to final hearing and tying us up through November 2.  All of these things we had planned around the August 31 trial date and are now locked in.  While we can be tight on our timing and jump from one trial to the next with the October 5 trial date, we cannot do so that late in the month. [¶] We appreciate Peter's desire to take his paternity leave, but we just don't have the flexibility to move things any later without delaying this case for at least a month. [¶] Please let us know how you would like to proceed.

On Friday, August 28, 2020, I responded as follows:

> I am a bit disappointed at the vague description and non-specific timing of the conflicts you state are present during October 19-29, which apparently are not present October 5-14, as follows:
>
> 1. Robert Cissel – "completely unavailable from mid-October until the end of the month"
> 2. David Reibstein – available 10/19-20; completely unavailable 10/21-29 due to "teaching obligations"
> 3. Nova Cadamatre – "will be crushing grapes and making the wines (depending on the grape involved in the early/late harvests) and it would be very disruptive to pull the chief winemaker away during this period
> 4. Elizabeth Baron – has a number of high level meetings and the constant shifting of the trial date is very disruptive to the executives involved
>
> Given that there is no travel involved, and that the estimated times for all of these witnesses to provide testimony indicate that Mr. Cissel, Prof. Reibstein, and Ms. Baron are unlikely to take more than an hour on the stand, and that Ms. Cadamatre faces the same challenges the first half of October as compared with the latter half, it is not at all clear to me that these witnesses cannot appear at trial between 10/19-29. I again ask for more specific information about the conflicts that prevent these witnesses from appearing, in the belief that we can, if presented with specific conflicts, probably accommodate them. If you have no interest in engaging in such a detailed discussion, we should probably just present our respective positions to the court and let the court set the trial date.

BN 41544718v1

# Buchalter

Hon. Yvonne Gonzalez Rogers
August 28, 2020
Page 4

Later that day, Mr. Kane responded as follows:

> We unfortunately will have to agree to disagree.  This case has been regularly disruptive and we tried to be accommodating given your IT issues.  I sent you a proposed stipulation for pretrial deadlines working off the October 5 date that the Court already reset the trial for.  We plan on filing with the Court at 5p ET our schedule.  Let us know if you are stipulating, otherwise we can file unilaterally our proposal and you can respond as needed.

TVH stipulated to the pretrial submission deadlines CBUSO proposed and on Friday, August 28, 2020, the parties jointly submitted a proposed order that can accommodate the October 5, 2020, trial start date. TVH respectfully requests, however, that the Court order trial to commence on a later date, to give Mr. Bales' family the opportunity to integrate a new baby into their home. My personal experience was that the first several weeks after bringing our second baby home was extremely challenging: I simply can't imagine how I could have managed to be in trial during that time. Moreover, I believe that bringing a new baby home when the father is unable to be meaningfully involved unnecessarily presents a possibility of long-standing adverse consequences.

I had hoped to engage CBUSO's counsel in a detailed discussion about how we might manage witness testimony. Indeed, I am prepared to make substantial concessions that in theory would not affect CBUSO's current witness schedule materially. Since CBUSO's counsel has not been willing to engage in such a discussion, however the only remaining option is to appeal directly to the Court.

We are prepared to discuss this during our August 31, 2020, Zoom conference, and appreciate the Court's consideration. Thank you.

Sincerely,

BUCHALTER
A Professional Corporation

Jeffrey Judd

BN 41544718v1