UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE VINEYARD HOUSE, LLC.**,<br><br>Plaintiff,<br><br>v.<br><br>**CONSTELLATION BRANDS U.S. OPERATIONS, INC.**,<br><br>Defendant.<br><br>**CONSTELLATION BRANDS U.S. OPERATIONS, INC.**,<br><br>Plaintiff,<br><br>v.<br><br>**THE VINEYARD HOUSE, LLC**,<br><br>Defendant. | Case No.  4:19-cv-01424-YGR<br>CONSOLIDATED CASE<br><br>**PRETRIAL ORDER NO. 1 RE: PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conferences, held on August 24 and 31, 2020, for good cause shown the Court **ENTERS** the following orders:

1. **Trial Date and Schedule:**  The bench trial of this matter is confirmed to proceed via the Zoom platform beginning **Monday, November 30, 2020**.  The platform will be open at approximately 7:55 a.m. each morning.  Unless otherwise noted, trial schedule will be Monday through Friday, from 8:00 a.m. to 1:30 p.m. with two fifteen-minute breaks, with no more than 30 minutes afforded each morning for non-testimonial proceedings.  Additional time may be scheduled as determined by the Court.  In this regard, counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.  The trial will be dark on Thursday, December 3, 2020 so that the Court can address in-court criminal proceedings.

2. The parties shall each be afforded 13.5 hours to present their case for a total of 6 trial days. Opening statements are waived. To the extent needed, closing arguments will be presented after post-trial briefing. The parties shall receive daily timesheets advising of the time remaining. Any concerns must be raised immediately or will be waived. If the parties are being efficient and another half day per party is still required, the Court will address the issue during trial.

3. The Court will set another pre-trial conference on an as-needed basis.

4. **Standard Motions *in Limine*:** The Court **HEREBY ORDERS** that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). The Court's rulings on the motions *in limine* will be issued by separate orders.

To the extent that a party would like an expert witness to watch testimony, that request must be made to the Court. The Court routinely grants such requests.

5. Parties are **ORDERED** to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

6. **Witnesses:** The parties are limited to calling the witnesses submitted on July 24, 2020. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

The parties shall meet and confer to agree on a standard set of questions to ask each witness to confirm that each is adhering to the integrity of the trial process.

7. **Exhibits and Exhibit Lists:**

    a. The parties are limited to using the Exhibits submitted on the Exhibit List on

1 September 11, 2020.  No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.  Any disputes that the parties cannot resolve without court intervention regarding these issues will be submitted in writing to the Court on **September 21, 2020**, and addressed when such exhibit may be proffered during trial, so that rulings may be made in the context of the trial and the purposes for which an exhibit may be offered can be made clear.

    b. <u>Electronic and Hard-Copy Exhibits Binders</u>. Each party will prepare and submit to the Court and Trialgraphix ("TG") a complete set of exhibits both in electronic form on **September 21, 2020**.  Each party shall also deliver three hard-copy sets of trial binders with all exhibits to the Court **on or before September 21, 2020**.

8. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  To the extent not already provided, counsel shall lodge with the Court on the first day of trial a copy of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

9. **Does:**  All Does will be deemed dismissed once the first witness is sworn.

10. **Depositions to be Used at Trial:**

    a. Plaintiff/Counterclaim Defendant The Vineyard House ("TVH") shall serve objections to deposition designations/counter designations by September 4, 2020.  Defendant/ Counterclaim Plaintiff Constellation Brands U.S. Operations, Inc. ("Constellation") shall serve objections thereto by **September 9, 2020**.

    b. Any party intending to use a deposition transcript at trial for any purpose shall deliver the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness.  All other parties are expected to have their own copies available.   The parties shall each prepare and provide an index transcripts and shall review the same with the Court after delivery.  Delivery of the transcripts shall no later than **September 23, 2020**.

11. **Video Depositions/Trial Testimony:**  Video examination of Mr. W. Andrew Beckstoffer may only be shown after the designations, counter-designation and objections are resolved.  The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall provide to the court reporter in PDF format the testimony as played on the same day as the video is played.  The court reporter will insert a parenthetical in the transcript and index and append the pdf of the testimony to the end of that day's transcript.

12. **Witnesses at Trial:**  The party presenting evidence shall give the other party 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  For witnesses on a Monday, written notice shall be provided by the prior Saturday at noon.  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case.  Further, and as explained, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.  To the extent technical issues arise, the Court will address the issue at the time of the occurrence.

13. **Objections:**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth."  If either counsel needs to make a better record, he/she may do so at a break.

14. **Zoom Platform:**

    a. Technical Director/Hosting Services. The parties have agreed to retain TG (Trialgraphix) to coordinate the bench trial.  Weeks before trial commences, TG will ensure that all trial participants have requisite hardware, software, and internet resources, and sufficient training to participate seamlessly at trial. During trial, the TG trial coordinator will, among other things: (1) ensure to the extent possible that all participants are online and know how to connect so that the trial may commence at

8:30 a.m. each trial day;  and (2) make available and display for use when needed all documents to be used as exhibits at trial.  The parties have agreed to split the cost of TG's services.

    b. <u>Hardware Requirements and Recommendations</u>. In order conduct the trial on the Zoom platform, each participant must have, at a minimum, the following resources:

        i. An internet connection – broadband wired or wireless (3G or 4G/LTE)

        ii. Speakers or headphones and a microphone – built-in or USB plug-in or wireless Bluetooth

        iii. A webcam or HD webcam – built-in or USB plug-in or a HD cam or HD cam corder with video capture card

        iv. *See* https://support.zoom.us/hc/en-us/articles/201362023-System-requirements-for-Windows-macOS-and-Linux for a discussion of system requirements for various computer systems. Each party shall be responsible for ensuring that each witness that party intends to call shall meet such specifications, at that party's expense.

    c. <u>Security</u>. The Court will use its standard security protocols during the trial.

    d. <u>Training in Advance of Trial</u>. TG will provide training to all trial participants (witnesses, counsel, party representatives) prior to trial to ensure that each participant has hardware, software, and sufficient internet bandwidth to participate seamlessly in the remote video bench trial.

    e. <u>Technical "Sound-Check" Prior to Commencement of Trial</u>. On a mutually agreeable date TG will coordinate with the courtroom deputy who will host a simulated proceeding with all participants (or their proxies) to ensure that the trial may commence and proceed on time.

15. **Proposed Findings of Fact and Conclusions of Law:**  Each party shall file proposed Findings of Fact and Conclusions of Law by **September 21, 2020**.  In addition to complying with this Court's Standing Order ¶ 7, the Findings of Fact should identify the source of the finding (e.g. exhibit number or anticipated testimony) and should cross reference the elements

5

of proof which the parties identified in the Joint Statement of the Claims and Defenses to be Raised at Trial.  (Dkt. 98.)

16. **Stipulated Facts:**  By **September 21, 2020**, the parties shall jointly file a Statement of Stipulated Facts each of which shall be numbered.

17. **Requests for Transcripts:**  The Court understands that the parties have made arrangements for RealTime transcription.

18. **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record – in a professional and courteous manner during trial.

19. **Failure to Comply:**   Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED.**

Dated: September 2, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**