Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE VINEYARD HOUSE, LLC, a California limited liability company,<br><br>　　　　　Plaintiff and Counterclaim-Defendant,<br><br>　　v.<br><br>CONSTELLATION BRANDS U.S. OPERATIONS, INC., a New York corporation,<br><br>　　　　　Defendant and Counterclaim-Plaintiff. | CASE NO.: 4:19-cv-01424-YGR (Consolidated)<br><br>**ORDER GRANTING STIPULATION REGARDING PRESENTATION OF TRIAL EVIDENCE** |

Pursuant to the Court's September 2, 2020 Order (Dkt. No. 176), Plaintiff and Counterclaim Defendant The Vineyard House, LLC and Defendant and Counterclaim Plaintiff Constellation Brands U.S. Operations, Inc., hereby stipulate to the following factual matters to be presented at trial:

1. The Parties hereby STIPULATE that for purpose of trial in this matter, TVH currently owns and occupies a portion of land previously owned by William Baldridge, as depicted on Exhibit 2 appended to the Expert Declaration of Jon Webb, dated July 10, 2020.

2. The parties hereby STIPULATE that for purposes of trial in this matter, CBUSO's profits on the sales of wine labeled as TO KALON or TO KALON VINEYARD are between ▇▇▇ ▇▇▇▇▇▇▇▇▇▇ as set out in Paragraph 20 of the Jarosz Rebuttal Report of July 31, 2020. The parties further stipulate that pursuant to Stipulation # 3 and 6, Ena Marie Chalk will not be called to testify at trial, who was to be called to authenticate the documents from which Mr. Jarosz relied upon in preparing his January 8, 2020 Rebuttal Report. The parties further stipulate that notwithstanding TVH's reliance on this stipulation and not calling Mr. Wagner to testify at trial, that CBUSO may still call Mr. Jarosz to testify as to the matters set forth in his January 8, 2020 Rebuttal Report.

3. The Parties hereby STIPULATE to the authenticity and admissibility of the financial documents of the Parties produced in this matter and relied upon by the Parties' respective

financial experts. The Parties have separately designated the stipulation of admissibility of such financial exhibits in the trial exhibit list filed as Dkt. No. 183.

4. The Parties have stipulated to the admissibility of certain exhibits that qualify as Ancient Documents under Fed. R. Evid. 803(16). Specifically, the Parties have stipulated to the admissibility of such Ancient Documents where the authenticity is not in question pursuant to Fed. R. Evid. 901(8). This shall include Ancient Documents that are widely disseminated publications (such as books, newspapers, periodicals), government issued documents whether certified or uncertified, filings with governmental/administrative agencies. The Parties have separately designated the stipulation of admissibility of such Ancient Document exhibits in the trial exhibit list filed as Dkt. No. 183.

5. The Parties hereby stipulate as authentic and admissible the following categories of exhibits (subject to reservation of objections as to relevance or hearsay depending how the document is offered):

    a. Any government issued records (whether certified or uncertified)

    b. Any filings made to governmental agencies (e.g., USPTO filings, TTB filings, probate records, chain of title records for real estate)

6. The Parties hereby stipulate and request the Court to admit into the trial record all the exhibits that the Parties stipulated as admissible in Dkt. No. 183 without need for a sponsoring witness at trial; provided, however, the parties reserve all rights to interpose objections and arguments as to how the trial exhibits listed on Dkt. No. 183 are actually used at trial or in any post-trial submissions or proceedings.

7. The Parties hereby stipulate and request the Court establish in the trial record the following stipulated facts:

    a. Declaratory Judgement Plaintiff The Vineyard House, LLC ("TVH") filed case no. 4:19-cv-01424-YGR (the "Declaratory Judgment Action") on March 18, 2019, alleging (i) false advertising and false designation of origin (15 U.S.C. § 1125(a)); (ii) declaratory determination of its and Constellation Brands U.S. Operations, Inc.'s (CBUSO's) rights with respect to use of the TO KALON name, (iii)

cancellation of U.S. Registration Nos. 1,489,619 (TO KALON) and 1,857,851 (TO KALON VINEYARD) (the "To Kalon Marks") based on a claim that the To Kalon Marks were obtained by fraud on the United States Patent & Trademark Office; (iv) false advertising (California Business & Professions Code §17500 et seq.); and (v) unfair competition (California Business & Professions Code §17200 et seq.).

b. On July 1, 2019, TVH amended its Complaint to consolidate the second and third counts.

c. On July 15, 2019, Constellation filed its Answer to the Amended Complaint, denying TVH's claims.

d. Constellation filed Case No. 4:20-cv-00238-YGR (the "Infringement Action") on January 10, 2020 for: (i) federal trademark infringement in violation of 15 U.S.C. § 1114; (ii) federal unfair competition in violation of 15 U.S.C. § 1125(a); (iii) federal false advertising (iv) trademark infringement under California common law; (v) unfair competition under California common law; and (vi) unfair competition under Cal. Bus. & Prof. Code §17200 et seq.

e. On January 10, 2020, Constellation sought preliminary injunctive relief to prevent TVH from using TO KALON in conjunction with the sale of its wines. The Court granted the requested relief on February 21, 2020.

f. On February 5, 2020, TVH filed its Answer, denying the claims set forth in Constellation's complaint. TVH also stated the affirmative defense that Constellation had abandoned the TO KALON and TO KALON VINEYARD trademarks because Constellation and its predecessor, Robert Mondavi Winery, had entered into a license and failed to play a meaningful role in controlling the quality of the licensed products, namely a "naked license."

g. On February 25, 2020, the Court consolidated the Declaratory Judgment and Infringement Actions.

h. Plaintiff The Vineyard House LLC is a California limited liability company with its principal place of business at 1581 Oakville Grade, Oakville, CA 94562. Jeremy

3
**STIPULATION REGARDING PRESENTATION OF TRIAL EVIDENCE**

Nickel is TVH's sole member, manager, and President. Nickel founded TVH in 2008 to produce and sell wine.

i. Defendant Constellation Brands U.S. Operations, Inc. is a New York corporation with its principal place of business at 235 North Bloomfield Road, Canandaigua, New York 14424. Constellation promotes and sells a line of wine under the names TO KALON and TO KALON VINEYARDS and is the owner of federal trademark registrations for those trademarks.

j. In December 2004, Constellation Brands, Inc. acquired The Robert Mondavi Corporation ("RMC"), together with all RMC's subsidiaries, including Robert Mondavi Winery ("RMW"). From December 2004 to March 2011, RMC was a wholly owned subsidiary of Constellation Brands, Inc. Effective in March 2011, RMC merged with and into Constellation Wines U.S, Inc. ("CWUS") and shortly thereafter, effective in March 2011, RMW merged with and into CWUS. As a result, effective in March 2011, CWUS acquired the To Kalon Trademarks by operation of law. Effective June 1, 2012, CWUS amended its certificate of incorporation and changed its name to Constellation Brands U.S. Operations, Inc.

k. Robert Mondavi Winery selected the mark TO KALON for its wine and first used it in commerce at least as early as in 1987 and has since then sold wine under trademarks comprising or including TO KALON.

l. Robert Mondavi Winery was awarded the following U.S. Trademark Registrations (the "TO KALON Registrations"):

| Mark | Date of Reg. | Reg. No. | Goods |
|---|---|---|---|
| TO KALON | May 24, 1988 | 1,489,619 | Wine (IC 033) |
| TO KALON VINEYARD | Oct. 11, 1994 | 1,857,851 | Wine (IC 033) |

m. Constellation's predecessor, Robert Mondavi Winery, was originally granted registrations for TO-KALON and TO-KALON VINEYARD (with hyphens). In 2004 and 2008, however, Constellation amended its registrations (as permitted

4

**STIPULATION REGARDING PRESENTATION OF TRIAL EVIDENCE**

under 15 U.S.C. § 1057(e)) to remove the hyphens, changing them to TO KALON and TO KALON VINEYARD.

n. The TO KALON Registrations are "incontestable" under Section 15 of the Trademark Act, 15 U.S.C. §1065.

o. Pohndorff & Co. applied for and registered TO KALON as a trademark in 1887 (Reg. 14,962).

p. The wine and spirits products Mr. Crabb manufactured were sold in TO KALON branded stores in Washington, DC and New Orleans.

q. Mary Alice Churchill organized the "To Kalon Vineyard Company" in 1903 to conduct her business operations, which according to the company's Articles of Incorporation included the "rais[ing of] . . . grapes, fruits and berries," as well as the "purchase [of] grapes, fruits and berries" from third parties and "manufacture the same *into* wines, brandies, and other liquors."

r. The To Kalon Wine Co. registered TO KALON as a trademark in 1906 (Reg. No. 53,905).

s. The To Kalon Wine Co. advertised and sold both domestic and imported wines.

t. In July 1943 Mary Alice Churchill, sold her real property to a businessman named Martin Stelling, Jr.

u. After Mr. Stelling died, his widow sold off all of the real property by the mid-1950s. Ivan Schoch, who had worked for Mr. Stelling, acquired a portion of the vineyard property once owned by Crabb.

v. In 1966, Mr. Mondavi purchased a twelve-acre property on which the Robert Mondavi Winery sits. He called his operation the Robert Mondavi Winery. Over the years, the Robert Mondavi Winery acquired hundreds of additional adjoining acres from Mr. Schoch and others. By 1978, Robert Mondavi Winery controlled around 550 acres of contiguous, prime vineyard land, including most of Crabb's original parcels on which Crabb operated his winery business.

w. TVH is owned and managed by Jeremy Nickel, who inherited a vineyard and

buildings in Napa Valley. TVH has sold wines under the brand THE VINEYARD HOUSE since 2010.

x. Beginning in June 2018, TVH filed the following trademark applications for wine in the United States Patent and Trademark Office:

| Mark | Appl. No. |
|---|---|
| H.W. CRABB'S TO-KALON VALLEY | 88/009,718 |
| H.W. CRABB'S TO-KALON VALLEY VINEYARD | 88/009,715 |
| TO-KALON ESTATE | 88/009,713 |
| TO KALON FIRST GROWTH | 88/009,711 |
| TO KALON GRAND CRU | 88/009,709 |
| TO KALON HALTER | 87/945,348 |
| TO KALON VALLEY VINEYARD | 87/945,345 |
| TO KALON VALLEY | 87/945,344 |
| TO KALON HALTER VALLEY VINEYARD | 87/945,342 |
| TO KALON VINEYARD HALTER VALLEY | 87/945,337 |
| TO KALON VALLEY | 87/945,332 |
| TO KALON VINEYARD COMPANY | 87/945,330 |
| TO KALON 1889 | 87/945,321 |
| TO KALON HALTER VALLEY | 87/944,973 |
| HALTER VALLEY TO KALON VINEYARD | 87/944,970 |
| CRABB'S HALTER TO KALON VALLEY | 87/944,926 |

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

DATED: November 20, 2020

| On Behalf of The Vineyard House, LLC | On Behalf of Constellation Brands U.S. Operations, Inc. |
|---|---|
| BUCHALTER | HUNTON ANDREWS KURTH LLP |
| By: /s/ *Jeffrey Judd* <br> PETER H. BALES <br> JEFFREY JUDD <br> BUCHALTER <br> 55 Second Street, Suite 1700 <br> San Francisco, CA 94105-3493 <br> Tel: (415) 227-0900 <br> Fax: (415) 227-0770 | By: /s/ *Erik C. Kane* <br> TIMOTHY J. CARLSTEDT <br> HUNTON ANDREWS KURTH LLP <br> 50 California Street, Suite 1700 <br> San Francisco, California 94111 <br> Tel.: (415) 975-3700 <br> Fax: (415) 975-3701 <br><br> EDWARD T. COLBERT <br> WILLIAM M. MERONE <br> ERIK C. KANE <br> HUNTON ANDREWS KURTH LLP <br> 2200 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20037 <br> Tel.: (202) 955-1500 <br> Fax: (202) 778-2201 <br><br> ARMIN GHIAM <br> HUNTON ANDREWS KURTH LLP <br> 200 Park Ave. <br> New York, NY 10166 <br> Tel.: (212) 908-6207 <br> Fax: (212) 309-1100 |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 30, 2020

_____
Honorable Yvonne Gonzalez Rogers
United States District Judge

7

**STIPULATION REGARDING PRESENTATION OF TRIAL EVIDENCE**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **STIPULATION REGARDING PRESENTATION OF TRIAL EVIDENCE** was filed and therefore served electronically via the CM/ECF system on November 20, 2020 to the below counsel of record:

Peter H. Bales
Jeffrey Judd
BUCHALTER
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Email:  pbales@buchalter.com
           jjudd@buchalter.com

Dated: November 20, 2020                    By: /s/ Erik C. Kane
                                                   Hunton Andrews Kurth LLP